**JOHNS–MANVILLE CORPORATION,**
Appellant,

v.

**David L. LADD, Commissioner of
Patents, Appellee.**

**No. 17914.**

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 20, 1964.

Decided Feb. 6, 1964.

Mr. Irvin H. Rimel, Washington, D. C., with whom Messrs. Robert M. Krone and Joseph J. Kelly, Manville, N. J., were on the brief, for appellant.

Mr. S. William Cochran, Attorney, United States Patent Office, with whom Mr. Clarence W. Moore, Solicitor, United States Patent Office, was on the brief, for appellee.

Before BASTIAN, BURGER and WRIGHT, Circuit Judges.

WRIGHT, Circuit Judge.

This case presents for our consideration the elusive concept and much mooted issue of patentability.[1] Appellant asks this court to recognize as invention four claims in a patent application submitted by one of its employees. The claims were rejected by the Examiner, by the Patent Office Board of Appeals, and by the District Court, as being lacking in invention over the claims of a patent previously issued to another employee of appellant, one Edward R. Powell.

Initially, it may be well to indicate the extent of our review. " * * * [A]s we have frequently stated, the findings of the Patent Office, an expert administrative body, especially when confirmed by the District Court, will not be overturned here unless clearly infected with error." Zenith Radio Corporation v. Ladd, 114 U.S.App.D.C. 54, 57, 310 F. 2d 859, 862 (1962). It is true, of course, that the trial before the District Court was *de novo* and that, as required by the statute,[2] it was "prepared and heard upon all competent evidence adduced and upon the whole merits." Butterworth v. Unit-

1. See 35 U.S.C. § 101.

2. 35 U.S.C. § 145.

ed States ex rel. Hoe, 112 U.S. 50, 61, 5 S.Ct. 25, 31, 28 L.Ed. 656, 660 (1884). Nevertheless, the trial court was justified in placing great weight on the findings of the Patent Office since "the Patent Office finding must be accepted if it is 'consistent with the evidence,' the Patent Office being an expert body pre-eminently qualified to determine questions of this kind." Esso Standard Oil Company v. Sun Oil Company, 97 U.S.App.D.C. 154, 157, 229 F.2d 37, 40 (1956). In assaying the action of the district judge, we note also that his findings "shall not be set aside unless clearly erroneous," particularly where those findings, as here, to some extent at least, are predicated on the trial court's judgment of the credibility of the witnesses appearing before it. Rule 52 (a), F.R.Civ.P. Applying this standard, we find no error and affirm.

■ Appellant's claimed invention relates to a multi-rotor apparatus for producing mineral wool, a product used principally for thermal and acoustical insulation. The apparatus is composed of a pair of relatively large fiberizing rotors having their peripheries adjacent to each other so as to form a narrow bight between. The rotors are designed to contra-rotate at very high speeds, their peripheries moving in the same direction at the bight. In the process of forming fibers from the action of the rotors, molten slag is temporarily bonded to their peripheral surfaces so that small particles of the molten slag may be thrown from the bonded layers by centrifugal force and spun out into fine fibers.

The molten slag is supplied to these two fiberizing rotors in a continuous stream from a melting device known as a furnace. To avoid spattering and to promote the bonding of the molten slag to the fiberizing rotors, a relatively small distributor rotor is interposed between the furnace and the fiberizing rotors to intercept and spread the molten material on the fiberizing rotors.

The apparatus disclosed in the *Powell* patent is similar to the device shown in appellant's application in that fiberization is accomplished by two fiberizing rotors and a distributor rotor which accepts the molten slag from the furnace and distributes it to the fiberizing rotors. Every feature of the rejected claims in appellant's application is clearly shown in the *Powell* patent. Appellant attempts to make much of the fact that the distributor rotor in the rejected claims is "nestled" in the bight between the fiberizing rotors. But, as the patent drawings show, in *Powell* the distributor rotor is likewise "nestled" in the bight between, though not so close to, the fiberizing rotors. Moreover, *Powell* specifically teaches that the rotors are adjustable with respect to each other in order to assure a relatively wide area of distribution of the molten material over the fiberizing rotors. Thus, as the Examiner, the Patent Office Board of Appeals, and the District Court held, it would be obvious to one skilled in the art to test different spacings between the rotors to determine their most efficient operation.[3]

Appellant admits that the features of the rejected claims are all clearly taught in *Powell*. It insists, however, that, though the *Powell* patent provides for adjusting the space between the rotors, the rejected claims rise to the stature of invention over *Powell* because they disclose that the distributor rotor should be in "adjacent relation" to the peripheries of the fiberizing rotors. It argues that this "adjacent relation" is nowhere disclosed in the *Powell* patent and that it is this "adjacent relation" which has given its new device great commercial success, whereas the *Powell* patent was never commercially operative. It argues, too, that for ten years after *Powell* the industry

3. 35 U.S.C. § 103, in pertinent part, reads: "A patent may not be obtained * * * if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. * * *"

sought a device which could provide high quality wool at high production rates and that the device represented by the rejected claims solved this problem. In fact, appellant alleges that "the improvement as disclosed in the instant application changed the entire commercial picture as to the proper methods to be employed in the commercial production of mineral wool batts formed by converting a molten raw material into fiber by a multiple rotor fiberizing system."

We have difficulty distinguishing between appellant's "adjacent relation" argument and its "nestled" point. In any event, both are answered by the teaching in *Powell* of the adjustability of the rotors. As to commercial acceptance, it is true that the *Powell* patent was not used commercially to any extent, and that the new device represented by the rejected claims has won wide acclaim. It is true also that "[i]n the law of patents it is the last step that wins." Washburn & Moen Manufacturing Company v. The Beat 'em all Barbed Wire Company (The Barbed Wire Patent), 143 U.S. 275, 283, 12 S.Ct. 443, 446, 36 L.Ed. 154 (1892). Also, "[t]he fact that the invention seems simple after it is made does not determine the question; if this were the rule many of the most beneficial patents would be stricken down." Expanded Metal Co. v. Bradford, 214 U.S. 366, 381, 29 S.Ct. 652, 655, 53 L.Ed. 1034 (1909). But, applying these principles, the Examiner held that the rejected claims were in substantially every detail taught in *Powell* except for the spacing of the distributor rotor from the fiberizing rotors, and that, since *Powell* also taught adjustability of the rotors, an ordinary technician in the art would ascertain the optimum spacing of the distributor rotor by adjustment. The Board of Appeals, affirming the Examiner, said:

> "We do not believe that a technologist of ordinary skill in the art of the Powell patent seeking to build an apparatus as disclosed therein, would close his eyes and select at random any chance spacing of distributor roll from fiberizing rotors.

He would prudently conduct the necessary trials to ascertain the optimum spacing, and the appealed claims define nothing more than the result of such routine tests."

The trial judge, after hearing additional witnesses in a trial *de novo*, agreed with the Examiner and the Board. On this record, we cannot say that his findings are clearly erroneous. Rule 52(a), F.R.Civ.P.

Affirmed.