Chester WAGNER, Plaintiff,

v.

David L. LADD, Commissioner of Patents, Defendant.

Civ. A. No. 1753-62.

United States District Court
District of Columbia.

April 10, 1964.

James S. Hight, John J. Byrne, Washington, D. C., Wood, Herron & Evans, Cincinnati, Ohio, for plaintiff.

Clarence W. Moore, Sol., Washington, D. C., for defendant.

JACKSON, District Judge.

This civil action was brought pursuant to Section 145, Title 35 of the United States Code to obtain a judgment authorizing the defendant, Commissioner of Patents, to grant a patent containing claims 41 to 45 of an application Serial No. 628,603, entitled "Deep Fat Frying of Foods and Apparatus Therefor", filed December 17, 1956 by the plaintiff, Chester Wagner.

The invention relates to a commercial deep fat pressure fryer for automatically cooking large quantities of food at conventional frying temperatures under pressures normally associated with conventional pressure cookers. In essence, the fryer disclosed in the application performs the functions of a conventional deep fat fryer and a conventional pressure cooker in a single cooking operation. That cooking operation is described and claimed in plaintiff's patent No. 2,778,736.

Claim 45 is reproduced as illustrative:
"45. A deep fat pressure fryer for frying food comprising, in combination, a container for containing oil, said oil having a depth sufficient to submerge the food introduced therein said receptacle having a side wall of which the portion extending throughout the depth of the oil is closed, lid means for hermetically sealing said container, said oil being continuously retained in a container whereby the food remains in a submerged state, means for heating said oil, means for maintaining a uniform temperature of said oil and introduced food whereby steam pressure is produced out of the moisture contained from within the food when the lid is sealed, said last-mentioned means including a temperature responding device which maintains the average temperature of the oil contained therein throughout the cooking period, valve means for venting the interior of the container to permit the lid means to be opened to remove the food, valve means for limiting the steam pressure on said oil and contained food, said valve means including a pipe which extends through the side wall of the container above the level of the oil."

Claims 41 to 45 were rejected by the tribunals of the Patent Office as being unpatentable over the Payne Patent No. 2,532,639. That patent discloses a food cooker which can be operated either as a conventional deep fat fryer or as a conventional pressure cooker. Payne accomplishes this by connecting the cooking pot with an oil reservoir so that when his cooker was used as a pressure

cooker, the pressure in the cooking pot forces the oil out of the pot and into the reservoir. When his cooker was used as a deep fryer the oil is returned, by gravity, from the reservoir to the cooking pot.

Counsel for the defendant admits that there are structural differences between the Payne cooker and the claimed deep fat pressure fryer. For instance, Payne does not specifically state that his thermostat is located within the cooking oil; the Payne cooking pot does not have a closed side wall *unless* the line connecting the reservoir to the cooking pot is blocked by closing the valve situated therein; and with regards to the functional limitations in the claims, Payne clearly does not teach or even suggest cooking foods in the manner taught by the application in suit. It is defendant's contention, however, that it would be obvious to a man skilled in the cooking art to modify the Payne cooker so that it meets all the limitations of the claims in suit.

Counsel for plaintiff argues that these modifications would not be obvious to a man skilled in the art because no one would attempt to operate the Payne cooker so that it would cook in the manner taught by the application, and therefore, the man skilled in the art would not want or need to modify the Payne cooker. (It should be noted that if the valve in the line connecting the reservoir and pot is kept closed throughout the entire cooking operation, the Payne cooker will cook food according to the method claimed in plaintiff's patent No. 2,778,-736.)

However, if counsel for plaintiff's arguments are distilled to their essence, what counsel is really contending is that these differences should support the patentability of the claims because the operation and function of the Payne cooker is totally different from the operation and function of the fryer described in the claims. In that regard, counsel relies on the rational in Traitel Marble Co. v. U. T. Hungerford Brass & Copper Co., 2 Cir., 18 F.2d 66, wherein Judge Learned Hand stated:

> "If the thing itself be new, very slight structural changes may be enough to support a patent, when they presuppose a use not discoverable without inventive imagination. We are to judge such devices, not by the mere innovation in their form or material, but by the purpose which dictated them and discovered their function."

See also Shell Development Co. v. Watson, 148 F.Supp. 373 (D.C.D.C.1957); Hoerr v. Watson, 156 F.Supp. 182 (D.C. D.C.1957), and General Tire and Rubber Company v. Watson, 184 F.Supp. 344 (D.C.D.C.1960).

While that rational in Judge Hand's opinion is undoubtedly sound in the proper case, it presupposes that, to use Judge Hand's words, "the thing itself is new". However, in this case the "thing", viz. the method of cooking food in deep fat under pressure, is *not* new since the publication by Treat & Richards, "Quantity Cookery"[1] clearly shows on pp. 235–236 that the method was known at least a year prior to the filing date of plaintiff's application for patent No. 2,-778,736.

In view of that publication, the differences between the Payne cooker and the claimed fryer must be considered without the benefit of the rationale expressed by Judge Hand. Viewed in this light, it is quite clear to the Court that it cannot be said that the decision of the tribunals of the Patent Office are clearly erroneous or inconsistent with the evidence. Johns-Manville Corp. v. Ladd, 117 U.S.App.D.C. ——, 328 F.2d 563 (1964), and Zenith Radio Corporation v. Ladd, 114 U.S.App.D.C. 54, 310 F.2d 859 (1962). This is true because it appears to the Court that at the time the invention was made it would have been obvi-

---

1. (Rev.Ed.1951); Little, Brown & Company, Boston, Mass. This publication was brought to the Court's attention by the case of Ballantine Instruments & Electronics, Inc. v. Wagner, 227 F.Supp. 394 (S.D.Ohio 1964).

ous to one having ordinary skill in the art to modify the Payne cooker so as to construct the fryer described in claims 41 to 45.

Therefore, the Court finds for the defendant and against the plaintiff, and hereby dismisses the Complaint on file herein.

The foregoing Opinion contains Findings of Fact and Conclusions of Law.