Jacques Andre **STOHR** et al., Appellants,

v.

Edward J. **BRENNER,** Commissioner of Patents, Appellee.

Nos. 22257, 22258.

United States Court of Appeals District of Columbia Circuit.

Argued May 1, 1969.

Decided June 16, 1969.

Mr John J. Byrne, Washington, D. C., for appellants.

Mr. Lutrelle F. Parker, Washington, D. C., Attorney, with whom Mr. Joseph Schimmel, Solicitor, was on the brief, for appellee.

Before WRIGHT, McGOWAN and TAMM, Circuit Judges.

PER CURIAM:

Appellants seek review of a district court determination adverse to their claims brought in a consolidated civil suit under 35 U.S.C. § 145 (1964). Briefly, appellants asked the district court to enter a judgment authorizing the Commissioner of Patents to grant Reissue Letters Patent based upon certain claims in the continuation reissue application No. 393,800 (entitled "Metal Welding Methods").[1] In the district court counsel for both sides agreed that the case could be simplified and expedited by considering only claims 5, 9, and 11 (which are representative of all other claims) of reissue application No. 393,800. These claims relate to improvements in prior art welding methods. After a trial, during which both sides introduced much expert testimony and many physical exhibits, the district court upheld the conclusion of the Patent Office that a patent could not be granted on appellants' applications.

Appellants face a very substantial burden in a case such as this. It is now well settled in this jurisdiction that

the findings of the Patent Office, an expert administrative body, especially when confirmed by the District Court, will not be overturned * * * *unless clearly infected with error* (emphasis supplied).

Zenith Radio Corp. v. Ladd, 114 U.S.App. D.C. 54, 57, 310 F.2d 859, 862 (1962); *accord,* Johns-Manville Corp. v. Ladd, 117 U.S.App.D.C. 262, 328 F.2d 563 (1964).

Upon inspection of the entire record, which of course included a complete de novo consideration by the district court,[2] we find that the denial of a patent to appellants was fully supported by the evidence. It should be noted, as we pointed out long ago, that

[t]he question for us is not whether in our opinion there was invention, but whether the finding that there

---

1. This application requested the reissuance of Patent No. 2,932,720 granted to appellants on April 12, 1960 (J.A. 488) and was the continuation of reissue application No. 186,617.

2. A de novo consideration by the district court is prescribed in patent cases by 35 U.S.C. § 145 (1964).

**1150**

was none is consistent with the evidence.[3]

Since the record evidence supports the determination of the patent office and the district court, the denial of appellants' claims must be

Affirmed.

3. Abbott v. Coe, 71 App.D.C. 195, 197, 109 F.2d 449, 451 (1939).