**ELI LILLY AND COMPANY, Appellant,**

v.

**Edward J. BRENNER, Commissioner of Patents, Appellee.**

**No. 20083.**

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 24, 1966.

Decided March 29, 1967.

Mr. Dugald S. McDougall, Chicago, Ill., of the bar of the Supreme Court of Illinois, pro hac vice, by special leave of court, with whom Mr. James H. Littlepage, Washington, D. C., was on the brief, for appellant.

Mr. Joseph Schimmel, Sol., U.S. Patent Office, for appellee.

Before BASTIAN, Senior Circuit Judge, and BURGER and WRIGHT, Circuit Judges.

BURGER, Circuit Judge:

Appellant brought suit under 35 U. S.C. § 145 (1964) claiming it was entitled to a patent denied by the Patent Office. This appeal challenges the District Court's grant of the Commissioner's motion for summary judgment and denial of Appellant's motion.

Appellant is the assignee of Richard T. Rapala. The Patent Office and the District Court denied it a patent on the ground that Rapala's invention, which relates to modified steroids having medical utility, was unpatentable over disclosures in a patent granted to Feather, which was filed in Great Britain on September 24, 1959, and in the United States on September 19, 1960. Appellant submitted to the Patent Office the required inventor's affidavit that he believed he was the first inventor. 35 U. S.C. § 115. However, since the subject matter of the Rapala invention is disclosed in the Feather patent, Appellant was required to prove that he made the invention prior to the filing date of the Feather application or be barred from receiving a patent on the ground that the invention was known, albeit not by him, at the time of his discovery. 35 U.S.C. § 102(e). Since Appellant's evidence carried Rapala's date of invention back of September 19, 1960, the date of the Feather filing in this country, but not back of September 24, 1959, the date of the Feather filing in Great Britain, the question arose as to which date was the applicable one.

The Patent Office, affirmed by the District Court, held that by virtue of 35 U.S.C. § 119, the Feather patent was filed in the United States, within the meaning of that term in 35 U.S.C. § 102 (e), on September 24, 1959. Section 119 provides that an application for an

American patent based on an earlier foreign filing in certain cases shall "have the same effect as the same application would have if filed in. this country on the date on which the application" was filed in the foreign country.[1] The question presented on appeal is whether the Patent Office and the District Court correctly interpreted sections 102(e) and 119. Does material disclosed in a foreign application operate as a reference as of the date of the foreign filing or only as of the actual American filing?

In resolving this question, we are aided by the exhaustive treatment given it by the District Court in the instant case, 248 F.Supp. 402 (D.D.C.1965), and also by the careful analysis of Judge Rich in Application of Hilmer, 359 F.2d 859 (C.C.P.A.1966), in which the Court of Customs and Patent Appeals, over the dissent of Chief Judge Worley, reached the opposite result from the District Court. Not surprisingly the Commissioner rests his argument on the District Court opinion, and Appellant champions the merits of the Court of Customs and Patent Appeals opinion.

■ We conclude that in light of the exhaustive and careful consideration of the issues in the District Court opinion now under review and in *Hilmer* further exposition would contribute little to the subject. We are of course not bound to do more than accord to the holding of the Court of Customs and Patent Appeals the degree of deference due a coordinate court but we conclude that the holding of that court presents the better alternative notwithstanding the vigorous and cogent arguments to the contrary which are reflected in the opinions of Judge Worley and the District Court.

A final argument now urged by the Commissioner and which was not passed on by the court in *Hilmer* warrants comment. This argument is premised on a 1952 change in the Patent Act. Prior to that time, an application claiming a foreign priority date was not required to contain a copy of the foreign application upon which that claim was based, unless the application had been involved in an interference proceeding or the applicant had to file a copy to overcome a reference having an effective date between the applicant's foreign filing date and his actual United States filing date. In the 1952 revision of the Patent Act, a paragraph was added to § 119 requiring the filing of a certified copy of the foreign application on which the priority claim is based.

■ The Commissioner urges that even if before the 1952 amendment § 119 did not require the result reached by the Patent Office and the District Court in the instant case, it now does. His argument is that before the 1952 change the Patent Office did not use the foreign filing as the effective date of the reference because the applicant against whom the reference was invoked would have had no way of disproving the foreign patentee's right to that date without a certified copy of the foreign application attached to the dependent United States application because all foreign countries do not necessarily allow public inspection of their patent records. However, his argument continues, when the 1952 revision required a certified copy to be at-

---

1. In pertinent part § 119 reads:

An application for patent for an invention filed in this country by any person who has, or whose legal representatives or assigns have, previously regularly filed an application for a patent for the same invention in a foreign country which affords similar privileges in the case of applications filed in the United States or to citizens of the United States, shall have the same effect as the same application would have if filed in this country on the date on which the application for patent for the same invention was first filed in such foreign country, if the application in this country is filed within twelve months from the earliest date on which such foreign application was filed; but no patent shall be granted on any application for patent for an invention which had been patented or described in a printed publication in any country more than one year before the date of the actual filing of the application in this country, or which had been in public use or on sale in this country more than one year prior to such filing.

tached, the factual situation which motivated the prior practice was no longer applicable.

As we see it, this argument is essentially an advocate's position rather than an explication of the decision made by the Patent Office Board of Appeals. The statutory change was not adverted to in the opinion of the Board in the instant case; indeed, in discussing the history of § 119, the Board of Appeals said this about the 1952 revision:

> references to designs were removed for inclusion in another section and some changes in language and a slight modification were made, and a paragraph [requiring a certified copy] was added, but *the parts of the statute of concern here are the same as originally enacted.* (Emphasis added.)

Furthermore, the Patent Office points to nothing indicating that its former approach to § 119 was based on the lack of a certified copy. There is nothing to that effect in Viviani v. Taylor v. Herzog, 72 U.S.P.Q. 448 (1935), which established the Patent Office practice which lasted for almost thirty years. Interestingly, one authority cited to us by the Patent Office urged a change in the Office's policy even before the 1952 revision:

> The United States does not have this procedural requirement [of accompanying the American application with proof of the foreign filing], but that is a matter of adjective law which should not affect the substantive rule that a novelty-establishing event is also a novelty-negativing event. GLASCOCK & STRINGHAM, PATENT LAW: SUBSTANTIVE ASPECTS 138 (1943).

Finally, there is no indication that Congress intended the 1952 revision to have the effect the Patent Office would have us give it. The Reviser's Note to § 119 says, "The second paragraph is new, making an additional procedural requirement for obtaining the right of priority." If the change had the significance the Patent Office attributes to it

and if the absence of this provision were the reason for the old rule, one would think that Congress would have indicated some awareness that it was making a substantive change.

We emphasize that we have been concerned only with a foreign application filed in this country on a priority basis and invoked as a reference. Different considerations may be involved in interference proceedings, but this we do not decide.

Reversed and remanded.