**Application of Alexander P. de SEVERSKY.**

**Patent Appeal No. 8816.**

United States Court of Customs and Patent Appeals.

March 8, 1973.

Rehearing Denied April 19, 1973.

---

Michael Ebert, Atty., of record, New York City, for appellant.

S. Wm. Cochran, Washington, D. C., for the Commissioner of Patents. R. V. Lupo, William H. Beha, Jr., Washington, D. C., of counsel.

Before MARKEY, Chief Judge, and RICH, ALMOND, BALDWIN, and LANE, Judges.

RICH, Judge.

■ This appeal is from the decision of the Patent Office Board of Appeals, adhered to on reconsideration, affirming the rejection of claims 1 and 10 of appellant's application serial No. 723,810, filed April 24, 1968, entitled "Multi-Concentric Wet Electrostatic Precipitator," for obviousness under 35 U.S.C. § 103. We affirm.

Generally, the wet precipitator includes two concentric cylinders which define an annular space between them. Contaminated air or gas to be cleaned is directed through this annular space. Water is caused to flow on the inside surface of the outer cylinder as well as on the outside surface of the inner cylinder. A discharge electrode structure is disposed within the annular space to establish an electrostatic field between the liquid films which line the annular passage. Contaminated gas is introduced through the bottom end of the passage between the cylinders through annular Venturi slots and is subjected to the electrostatic field which causes the particles in the gaseous stream to become ionized and migrate to the collecting films on the surfaces of the tubes lining the passages. The liquid films then carry the extracted matter away into a drain.

The significant aspect of this invention is the Venturi inlet which causes the gas flow to spread outwardly against the water films and press them against the walls of the annular passage. Claim 1 reads (emphasis ours):

1. An electrostatic wet precipitator comprising: (a) concentrically arranged collector tubes defining at least one vertically-disposed annular gas passage,

(b) means to produce downwardly-flowing films of liquid on the complementary surfaces of adjacent tubes which line said passage thereby to form liquid collectors,

(c) a discharge-electrode structure disposed within said passage in spaced relation to said liquid collectors;

(d) inlet means including *a Venturi opening to feed a contaminated gaseous stream into the lower end of each passage to produce an expanding gas* which flows upwardly through said

passage in counter-current relationship to said liquid films *to force said films against said surfaces to maintain the uniformity thereof,*

(e) means to apply a high voltage between said discharge-electrode structure and said liquid collectors to ionize the contaminants in the gaseous stream flowing through said passage to cause migration of contaminants toward said liquid collectors and thereby purify the gas; and

(f) outlet means at the upper end of said passage to discharge the purified gas.

Claim 10 is a dependent claim and no separate argument is made as to its patentability if claim 1 is not patentable.

The references principally relied on and the only ones we need consider are:

| Nesbit | 1,357,202 | Oct. 26, 1920 |
| Burns | 1,250,088 | Dec. 11, 1917 |
| de Seversky (A) | 3,238,702 | Mar. 8, 1966 |

It is unnecessary to discuss the disclosures of these references because of an admission by appellant made in his reply brief before the board and in substance repeated at oral argument in this court, as follows:

The primary question before the Board is whether there is any prior-art reference of record, whose date is effective against the instant application, which discloses a Venturi inlet for feeding contaminated gas into an electrostatic precipitator tube.

If such a reference exists, then appellant concedes that this reference, when combined with the other references of record, makes the present invention obvious and unpatentable. However it is appellant's contention that de Seversky (A), which discloses a Venturi inlet, is not an effective reference whereas those references which are effective do not even remotely disclose a Venturi inlet.

The solicitor's brief, in turn, contains the admission that "Nesbit and Burns do not disclose venturi inlets in the contaminated gas openings of their precipitators."

The solution of this case, therefore, depends upon the answer to a single question of law: has appellant overcome the date of the de Seversky (A) patent so that it is not available as a reference? There is, of course, no question that de Seversky (A) is a good reference unless its date is overcome because it issued as a patent over two years before the application at bar was filed.

Appellant argues here, as he did below, that de Seversky (A) is not available as a reference because he is entitled to the date of a parent application filed in 1960, which antedates the de Seversky (A) patent, in which certain disclosure of a Venturi gas inlet is incorporated by reference from a still earlier grandparent application filed in 1955, referred to as de Seversky (C). The sequence is as follows:

I.  de Seversky (C)—Patent 3,-053,029—Sept. 11, 1962. Grandparent, filed January 5, 1955.

II.  de Seversky parent, application serial No. 53,255. Filed August 31, 1960, a "continuation-in-part" of I.

III.  de Seversky instant application, serial No. 723,810. Filed April 24, 1968, a "continuation-in-part" of II.

It will be seen that so far as antedating de Seversky (A) is concerned, appellant relies for filing date only on serial No. 53,255, II above. That parent application, however, is totally devoid of any reference to a Venturi inlet and by itself is of no help to appellant as support for the appealed claims. Appellant admits to this defect in the parent application, saying in his brief, "parent application Serial No. 53,255 did not directly disclose a Venturi inlet."* He urges, how-

---

* See the opinion of the Court of Appeals for the District of Columbia in de Seversky v. Brenner, 137 U.S.App.D.C. 369, 424 F.2d 857 (1970), in an action under 35 U.S.C. § 145 on claim 20 of serial No. 53,255, the rejection of which was affirmed, bearing on this point.

ever, that the defect is cured because the grandparent, de Seversky (C), discloses a Venturi inlet and because the parent application is a "continuation-in-part" of the grandparent that disclosure is, ipso facto, "incorporated by reference" in the parent.

It should be noted in this connection that the parent application, No. 53,255, contains no "incorporation-by-reference" language whatsoever. Its only relation to de Seversky (C) is indicated by the simple statement that it is a "continuation-in-part" thereof. That language is insufficient to incorporate any part of de Seversky (C) into the parent case. All it means is that insofar as the disclosure *of the parent* finds corresponding disclosure in the grandparent, the parent is entitled to the filing date of the grandparent. 35 U.S.C. § 120.

Appellant is confusing two distinctly different things: (1) the right to have the benefit of the filing date of an earlier application under § 120 for subject matter claimed in a later application because that subject matter is *disclosed in an earlier application* to which "a specific reference" is made—i. e., a reference to the earlier application per se, and (2) the incorporation *by reference* in an application of matter elsewhere written down (not necessarily in a patent application), for economy, amplification, or clarity of exposition, by means of an incorporating statement clearly identifying the subject matter which is incorporated and where it is to be found.

Appellant's parent application, serial No. 53,255 is not, however, in either category (1) or (2) above. The Venturi inlet is not disclosed therein and the application contains no statement which incorporates anything by reference. There is nothing but the statement that the parent is a "continuation-in-part" of the grandparent application, now the issued de Seversky patent (C).

An argument similar to that appellant is making here was made in In re Lund, 54 CCPA 1361, 376 F.2d 982, (1967), where the Patent Office contended that disclosure in an abandoned application was "incorporated by reference" into the disclosure of a patent used as a reference by virtue of the statement that the application for the patent was a "continuation-in-part" of the abandoned application. We there held that such a statement does not operate to incorporate in an application any part of the disclosure of the parent application so referred to.

■ To be sure, the statement that an application is a continuation-in-part, or a continuation, or a division, or in part a continuation of another application is in a broad sense a "reference" to the earlier application, but a mere *reference* to another application, or patent, or publication is not an *incorporation* of anything therein into the application containing such reference for the purposes of the disclosure required by 35 U.S.C. § 112. Likewise it does not serve to bring a disclosure within the requirements of 35 U.S.C. § 120 so as to give a later application the benefit of the filing date of an earlier application. The later application must itself contain the necessary disclosure. As we said in *Lund*,

As the expression itself implies, the purpose of "incorporation by reference" is to make one document become a part of another document by referring to the former in the latter *in such a manner* that it is apparent that the cited document is part of the referencing document as if it were fully set out therein. [Emphasis added.]

We held in *Lund* that the mere statement that an application is a "continuation-in-part" does not do that. Appellant relies on language in *Lund* but that case decided the legal question appellant presents here flatly contrary to his contentions.

Since there is admittedly no disclosure of the crucial Venturi inlet in appellant's parent application, No. 53,255, and that parent application contains no incorporation by reference of any of the disclosure of the de Seversky (C) grandparent case, appellant is entitled to the

filing date of neither for the subject matter of the appealed claims and the de Seversky (A) reference has not been antedated or overcome. In view of the admission made, the appealed claims are not patentable. The decision of the board is affirmed.

Affirmed.