**DART INDUSTRIES, INC., a corporation of the State of Delaware**

v.

**Donald W. BANNER, Commissioner of Patents and Trademarks, Appellant.**

**Nos. 79–1156, 79–1157.**

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 15, 1980.

Decided Sept. 16, 1980.

Rehearing Denied Oct. 15, 1980.

John W. Dewhirst, Associate Sol., U. S. Patent and Trademark Office, Washington, D. C., with whom Joseph F. Nakamura, Sol. U. S. Patent and Trademark Office, Washington, D. C., was on brief, for appellant.

Francis J. Murphy, New York City, a member of the bar of the Appellate Division of the Supreme Court of the State of New York, First Judicial Department, pro hac vice, by special leave of court, with whom John F. Smith, New York City, was on brief, for appellee.

Before WRIGHT, Chief Judge, ROBINSON, Circuit Judge, and MARKEY,* Chief Judge of the United States Court of Customs and Patent Appeals.

Opinion for the court filed by Chief Judge MARKEY.

MARKEY, Chief Judge:

The Commissioner of Patents and Trademarks (Commissioner) appeals from an order of the District Court, *Dart Industries, Inc. v. Banner*, 200 U.S.P.Q. 656 (D.D.C. 1978), denying the Commissioner's motion for summary judgment, granting the motion for summary judgment of Dart Industries, Inc. (Dart), and entering judgment for Dart in consolidated civil actions Nos. 78–0266 and 78–0267 filed under 35 U.S.C. § 145 (1976). We reverse and remand with instruction to grant the Commissioner's motion.

## BACKGROUND

On November 25, 1959, Alexander deSeversky filed a patent application (grandparent) disclosing, but not claiming, an electrostatic precipitator having a venturi. A continuation–in–part application (parent), filed on August 31, 1960,[1] did not disclose or claim the venturi feature. DeSeversky did

---

* Sitting by designation pursuant to 28 U.S.C. § 293(a).

1. That application, serial No. 53,255, issuing on February 20, 1973 as U.S. Patent No. 3,716,966, was involved in *deSeversky v. Brenner*, 424 F.2d 857 (C.C.P.A.1970).

include in the parent this reference, as required by 35 U.S.C. § 120 (1976):[2]

> This application is a continuation–in–part of my copending application Ser. No. 855,369, filed Nov. 25, 1959, and issued Sept. 11, 1962 as Pat. 3,053,029 * * *.

Another continuation–in–part application (child) was filed on April 24, 1968. It disclosed and claimed a precipitator having the venturi feature.[3]

The United States Patent and Trademark Office (PTO) rejected claims in the child reciting the venturi feature, viewing the invention set forth in those claims as obvious under 35 U.S.C. § 103 (1976), in light of a U.S. patent (deSeversky A) for which application was filed September 7, 1962.[4] DeSeversky attempted to overcome deSeversky A by reliance on the parent's 1960 filing date. When the PTO denied that reliance, because of the parent's failure to disclose a venturi feature, deSeversky asserted that reference in the parent to the grandparent had the effect of incorporating the venturi disclosure of the grandparent into the parent. The PTO held, and the United States Court of Customs and Patent Appeals (CCPA) affirmed, that a section 120 statement merely calling an application a "continuation–in–part" does not in itself serve to incorporate–by–reference subject matter disclosed in a prior application. *In re deSeversky*, 474 F.2d 671 (C.C.P.A.1973). The CCPA explained:

> Appellant is confusing two distinctly different things: (1) the right to have benefit of the filing date of an earlier application under § 120 for subject matter claimed in a later application because that subject matter is *disclosed in an earlier application* to which "a specific reference" is made–i. e., a reference to the earlier application per se, and (2) the incorporation *by reference* in an application of matter elsewhere written down (not necessarily in a patent application), for economy, amplification, or clarity of exposition, by means of an incorporating statement clearly identifying the subject matter which is incorporated and where it is to be found.

> \*   \*   \*   \*   \*   \*

> * * * [T]he statement that an application is a continuation–in–part * * * of another application is in a broad sense a "reference" to the earlier application, but a mere *reference* to another application * * * is not an *incorporation* of anything therein into the application containing such reference for the purposes of the disclosure required by 35 U.S.C. § 112. Likewise it does not serve to bring a disclosure within the requirements of 35 U.S.C. § 120 so as to give a later application the benefit of the filing date of an earlier application. The later application must itself contain the necessary disclosure.

474 F.2d at 674.

Following the CCPA decision, deSeversky filed a continuation of the child (grandchild).[5] The claims of the grandchild, identical to those of the child, were rejected by the PTO on obviousness and res judicata.

---

2. Section 120 provides in pertinent part:

Benefit of earlier filing date in the United States

An application for patent for an invention disclosed in the manner provided by the first paragraph of section 112 of this title in an application previously filed in the United States * * * by the same inventor shall have the same effect, as to such invention, as though filed on the date of the prior application, if filed before the patenting or abandonment of or termination of proceedings on the first application or on an application similarly entitled to the benefit of the filing date of the first application and if it contains or is amended to contain a specific reference to the earlier filed application.

3. That application, serial No. 723,810, issued on January 15, 1974 as U.S. Patent No. 3,785,125. The patent claims were not directed to the venturi feature.

4. DeSeversky A issued to the inventor who filed the chain of applications at issue in this case, but the application on which it issued was not in the chain.

5. That application, serial No. 432,694, filed January 11, 1974, is the subject of civil action No. 78–0266.

DeSeversky also applied for reissue of the parent,[6] seeking to meet the CCPA's requirements for incorporating the grandparent's disclosure by adding: "The entire disclosure of my Patent 3,053,029 is incorporated herein by reference." The PTO rejected the reissue application because it sought to add new matter to the parent in violation of 35 U.S.C. § 251 (1976).[7]

Dart, assignee of the grandchild and reissue application, brought the instant actions to contest the rejection of those applications. The parties agreed that disposition of the action on the grandchild was entirely dependent upon disposition of the action on the reissue application.

## DISTRICT COURT

The district court correctly perceived questions of first impression respecting the new matter prohibition of section 251.

In a thorough and thoughtful opinion, the court reviewed policy considerations underlying the prohibition. It concluded that the policy preventing an applicant from recapturing subject matter forfeited to the public domain was limited by section 120, the statutory mechanism for avoiding forfeiture of subject matter disclosed but not claimed in an earlier patent application.

The court was well aware that the parent failed to comply with the section 120 continuity–of–disclosure requirement with respect to the venturi feature disclosed in the grandparent. Noting that non–compliance resulted from deSeversky's good faith misunderstanding of the requirements for incorporation–by–reference, however, the court held that non–compliance could be

overcome by the instant reissue application. Specifically, the court said:

> Therefore, the Court does not believe that it is material that, but for the operation of § 120, the disclosure of the venturi in the grandparent would operate as a forfeiture of the right to obtain a patent monopoly covering that feature. The fact that the parent is "inoperative" to prevent this result[8] is, if the other requirements of § 251 are fulfilled, curable by reissue. Accordingly, the Court holds that since the patentee here intended to comply with the requirements of § 120, and believed in good faith that he had done so, the addition of explicit language which incorporates by reference the disclosure in an earlier application which the patentee intended to incorporate, and believed he had incorporated, is not the addition of new matter barred by § 251.

## ISSUES

The issues are (1) whether the sentence Dart seeks to add to the parent constitutes an attempt to insert "new matter" and, if so, (2) whether a good faith intent, in a previously unsuccessful attempt to gain the benefit of earlier filing date under section 120, can overcome the section 251 prohibition of new matter.

## OPINION

### NEW MATTER

Section 251 unequivocally states:

No new matter shall be introduced into the application for reissue.

---

**6.** That reissue application, serial No. 576,139, filed May 9, 1975, is the subject of civil action No. 78–0267.

**7.** Section 251 provides in pertinent part:
Reissue of defective patents
   Whenever any patent is, through error without any deceptive intention, deemed wholly or partly inoperative or invalid, by reason of a defective specification or drawing, or by reason of the patentee claiming more or less than he had a right to claim in the patent, the Commissioner shall, on the surrender of such patent and the payment of

the fee required by law, reissue the patent for the invention disclosed in the original patent, and in accordance, with a new and amended application, for the unexpired part of the term of the original patent. No new matter shall be introduced into the application for reissue.

**8.** The court rejected the Commissioner's argument that the patent sought to be reissued was not "wholly or partly inoperative or invalid" as required by section 251. In view of our decision, we need not address that issue.

An addition to a patent specification constitutes "new matter" when it changes the invention disclosed or introduces a concept not previously present in that specification. *In re Anderson*, 471 F.2d 1237, 1244 (C.C.P.A.1973); *In re Oda*, 443 F.2d 1200, 1203–05 & n.2 (C.C.P.A.1971).

■ The sentence Dart seeks to add by reissue would have the effect of carrying into the parent the venturi feature disclosed in the grandparent. Dart admits that the parent itself has never contained a disclosure of the venturi feature. It necessarily follows that Dart seeks by reissue to change the invention disclosed in the parent, or to introduce a concept not previously present in the parent, and thus attempts to insert "new matter" in the parent.

Dart says its "continuation–in–part" statement in the parent would have been legally sufficient to incorporate the venturi disclosure of the grandparent into the parent prior to the "changes" in decisional law announced in *In re Lund*, 376 F.2d 982 (C.C.P.A.1967) and *In re deSeversky, supra.* That position finds no support. The CCPA's opinions in *Lund* and *deSeversky* gave no indication that the law was being changed. Nor was it. *In re Fried*, 329 F.2d 323 (C.C.P.A.1964), the only case relied upon by Dart, was decided four years after the parent was filed, thus belieing Dart's claim that it demonstrates the reasonableness of Dart's belief *at the time of filing the parent*, that the reference there would be sufficient to incorporate the full disclosure of the grandparent. Moreover, *Fried* concerned a reference that went far beyond the mere "continuation–in–part" statements involved in the present case and in *Lund*. The statement in *Fried* constituted a specific incorporation by reference of specific disclosure from an earlier application.

### GOOD FAITH INTENT

The district court's opinion reflects careful consideration of a difficult question of first impression, but reflects two apparent misunderstandings of the doctrinal complexities involved.

The first resides in viewing section 120 as a limitation on the new matter prohibition of section 251.

■ Section 120 merely provides a mechanism whereby an application becomes entitled to benefit of the filing date of an earlier application disclosing the *same* subject matter. Common subject matter must be disclosed, in both applications, either specifically or by an express incorporation–by–reference of prior disclosed subject matter. Nothing in section 120 itself operates to carry forward any disclosure from an earlier application. *In re deSeversky, supra* at 674. Section 120 contains no magical disclosure–augmenting powers able to pierce new matter barriers. It cannot, therefore, "limit" the absolute and express prohibition against new matter contained in section 251.

The second resides in a misapprehension of the effect of deSeversky's good faith in his failure to comply with the requirements of section 120 respecting the venturi feature.

■ Under section 120, no claimed subject matter is entitled to the benefit of the filing date of an earlier application unless that subject matter has been disclosed in *every* intervening application relied upon to establish a chain of copendency. *In re Schneider*, 481 F.2d 1350, 1356 (C.C.P.A. 1973). Of course deSeversky could have satisfied the continuity–of–disclosure requirement if he had inserted in the parent when filed the same statement now sought to be added by reissue. Continuity was lost, however, when the parent was filed without that statement, and without any other legally adequate disclosure or incorporation of the venturi feature.

■ The express prohibition in section 251 against insertion of new matter constitutes a limitation on use of the reissue process to correct errors, including those made in good faith. *In re Hay*, 534 F.2d 917, 919 (C.C.P.A.1976). Hence, when the parent issued as a patent, deSeversky's failure to maintain a continuity of disclosure of the venturi feature became uncorrectable.

Attributing deSeversky's failure to satisfy section 120 to a good faith misunderstanding, the district court concluded that Dart's attempt to overcome that failure should not be barred by the new matter prohibition of section 251. We cannot agree. It is true that section 251 is a remedial provision, based on equity and fairness. It is, as it should be, often broadly construed to bail applicants out of unintended and unfortunate situations caused by good faith errors. It cannot, however, be used to permit a violation of its own terms, *i. e.*, to permit an insertion of new matter.[9]

A contrary interpretation of section 120 and section 251's new matter prohibition would open the reissue door to every applicant who, like deSeversky, misunderstood the effect of a mere "continuation–in–part" statement in an application. It would allow applicants to freely circumvent the law as defined in *In re deSeversky* and in *In re Schneider*. It would allow applicants to recapture matter properly within the public domain. Whatever effect "good faith" considerations may have in other contexts, they cannot be employed to achieve those results.

### CONCLUSION

The sentence sought to be added by Dart through reissue having the effect of introducing new matter in violation of section 251, the decision of the district court granting Dart's motion for summary judgment is reversed and the case is remanded with directions to grant the Commissioner's motion for summary judgment.

---

**9.** In *Brenner v. State of Israel*, 400 F.2d 789 (D.C.Cir.1968), the court held that a newly issued patent could be reissued for the purpose of filing a certified copy under 35 U.S.C. § 119 (1976), notwithstanding that section's requirement that it be filed "before the patent is granted." That case involved a "trivial clerical error," 400 F.2d at 791, and did not explicitly address the "new matter" prohibition of section 251. *Brenner* thus does not dictate disregard of the prohibition when a reissue is sought for the purpose of perfecting a claim to an earlier filing date.