# United States Court of Appeals for the Federal Circuit

06-1082

MEDRAD, INC.,

Plaintiff-Appellant,

v.

TYCO HEALTHCARE GROUP LP, MALLINCKRODT INC.,
LIEBEL-FLARSHEIM CO., and NEMOTO KYORINDO CO., LTD.,

Defendants-Appellees.

W. Thomas McGough, Jr., Reed Smith LLP, of Pittsburgh, Pennsylvania, argued for plaintiff-appellant. On the brief were Robert J. Walters and Charles Hawkins, Sutherland Asbill & Brennan, LLP, of Washington, DC. Of counsel on the brief were Frederick H. Colen and Barry J. Coyne, Reed Smith LLP, of Pittsburgh, Pennsylvania; and Arthur Wineburg, Akin Gump Strauss Hauer & Feld, LLP, of Washington, DC. Of counsel was Gregory L. Bradley, Medrad, Inc., of Indianola, Pennsylvania.

J. Robert Chambers, Wood, Herron & Evans, L.L.P, of Cincinnati, Ohio, argued for defendants-appellees. With him on the brief was Theodore R. Remaklus.

Appealed from: United States District Court for the Western District of Pennsylvania

Judge Gary L. Lancaster

# United States Court of Appeals for the Federal Circuit

06-1082

MEDRAD, INC.,

Plaintiff-Appellant,

v.

TYCO HEALTHCARE GROUP LP, MALLINCKRODT INC.,
LIEBEL-FLARSHEIM CO., and NEMOTO KYORINDO CO., LTD.,

Defendants-Appellees.

_____

DECIDED: October 16, 2006

_____

Before MICHEL, <u>Chief Judge</u>, ARCHER, <u>Senior Circuit Judge</u>, and LINN, <u>Circuit Judge</u>.

LINN, <u>Circuit Judge</u>.

Medrad, Inc. appeals from a final judgment granting the motion of Tyco Healthcare Group LP, Mallinckrodt Inc., Liebel-Flarsheim Co., and Nemoto Kyorindo Co., Ltd. (collectively "Tyco") for summary judgment of invalidity of U.S. Reissue Patent No. 37,602 ('602 reissue patent). <u>Medrad, Inc. v. Tyco Healthcare Group, LP</u>, 391 F. Supp. 2d 374 (W.D. Pa. 2005) (Case No. 01-CV-1997). Because we conclude that the defect that formed the basis for the '602 reissue patent was within the plain meaning of 35 U.S.C. § 251, we reverse and remand.

## I.  BACKGROUND

The '602 reissue patent relates to patient infusion systems for use with magnetic resonance imaging systems.  There are two predecessor patents to the '602 reissue patent, both of which were assigned to Medrad.  The first predecessor patent was U.S. Patent No. 5,494,036 ('036 patent), which issued on February 27, 1996.  On February 23, 1998, Medrad filed an application for reissue of the '036 patent and submitted reissue declarations stating that the inventors had claimed less than they had a right to claim (an "underclaiming" error).  During prosecution of the reissue, Medrad narrowed the scope of various claims (correcting an "overclaiming" error) and corrected inventorship in addition to correcting the underclaiming error.  Medrad did not submit supplemental reissue declarations regarding the overclaiming or inventorship errors as required by 37 C.F.R. § 1.175.  That reissue application issued as U.S. Reissue Patent No. 36,648 ('648 reissue patent) and is the second predecessor patent to the '602 reissue patent.

On April 25, 2000, Medrad filed a complaint with the U.S. International Trade Commission alleging illegal importation of devices that infringed the '648 reissue patent. On motion for summary judgment, the administrative law judge ("ALJ") initially found that the '648 reissue patent was invalid due to Medrad's failure to file supplemental reissue declarations regarding the overclaiming and inventorship errors that were ultimately corrected during prosecution.  The ALJ's initial decision became the final determination of the International Trade Commission, and the investigation was terminated.

Before the ALJ's initial determination became final, Medrad filed an application for reissue of the '648 reissue patent seeking to correct its failure to submit supplemental declarations during prosecution of the '648 reissue patent. That application resulted in the '602 reissue patent, which is the subject of this appeal. The '602 reissue patent and the '648 reissue patent have identical specifications, drawings, and claims; the only difference is that Medrad filed supplemental declarations during prosecution of the '602 reissue patent that allegedly corrected the failure to do so during prosecution of the '648 reissue patent.

On October 24, 2001, Medrad filed a complaint in district court against Tyco alleging infringement of the '602 reissue patent. Medrad and Tyco filed cross motions for summary judgment regarding the validity of the '602 reissue patent. Medrad, 391 F. Supp. 2d at 376. Tyco argued that the reissue was defective under 35 U.S.C. § 251 because it did not correct one of four statutorily identified errors: a defect in the specification, a defect in the drawings, or an error in either claiming too much or too little in the patent. Id. The court construed section 251 as requiring "that some error in the specification, drawings, or claim of the patent be corrected as a result of the reissue process." Id. at 378. Because the error that Medrad corrected was "procedural" and not an error in the specification, drawings, or claims of the '648 reissue patent, the court granted Tyco's motion, denied Medrad's motion, dismissed all other pending motions as moot, and entered final judgment holding the '602 reissue patent invalid. Id. at 382-83.

On appeal, Medrad challenges the district court's interpretation of 35 U.S.C. § 251 and its invalidity finding based on that interpretation. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

06-1082                                  3

## II.  DISCUSSION

### A.  Standard of Review

We review a district court's grant of summary judgment of invalidity de novo. Baxter Int'l, Inc. v. COBE Labs., Inc., 88 F.3d 1054, 1058 (Fed. Cir. 1996).  Summary judgment is proper only if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).  The scope of 35 U.S.C. § 251 is a question of statutory construction that we review without deference.  NTP, Inc. v. Research In Motion, Ltd., 418 F.3d 1282, 1314 (Fed. Cir. 2005).  "Whether the statutory requirement of 'error' [in section 251] has been met is an issue of law which we review de novo." Mentor Corp. v. Coloplast, Inc., 998 F.2d 992, 994 (Fed. Cir. 1993).

### B.  Analysis

Medrad argues that the district court erred in concluding that 35 U.S.C. § 251 does not extend to reissues based on defects in inventor declarations.  Specifically, Medrad argues that section 251 does not require there to be an error in the specification, drawings, or claims of the patent, but rather encompasses any inadvertent error that results in underclaiming or overclaiming.  Medrad cites In re Bennett, 766 F.2d 524 (Fed. Cir. 1985), Brenner v. State of Israel, 400 F.2d 789 (D.C. Cir. 1968), Fontijn v. Okamoto, 518 F.2d 610 (C.C.P.A. 1975), and A.F. Stoddard & Co. v. Dann, 564 F.2d 556 (D.C. Cir. 1977), as cases that have interpreted section 251 to include reissues based on errors that were not literally in the specification, drawings, or claims of the patent.  Medrad argues that by failing to file supplemental declarations, the '648 reissue

patent was invalid, and thus claimed less than it had a right to claim within the meaning of section 251.

Tyco counters that section 251—though remedial in nature—is expressly limited to correcting defects in the specification, drawings, or claims, and that to allow correction of any defect that results in invalidity would effectively read out those requirements. Tyco distinguishes <u>Bennett</u>, <u>Brenner</u>, <u>Fontijn</u>, and <u>Stoddard</u> and argues that these cases do not support the proposition that section 251 allows for a reissue in which there were no changes made to the specification, drawings, or claims of the underlying patent. Alternatively, Tyco argues that even if a failure to submit supplemental declarations is an error that is correctable under section 251, the district court's decision should be affirmed because the supplemental declarations submitted in the '602 reissue patent do not comply with 37 C.F.R. § 1.175. Medrad replies that Tyco's alternative argument based on 37 C.F.R. § 1.175 was not considered below and thus should not be considered on appeal.

Section 251 sets forth the requirements for obtaining a reissue patent and provides, in relevant part:

> Whenever any patent is, through error without any deceptive intention, deemed wholly or partly inoperative or invalid, by reason of a defective specification or drawing, or <u>by reason of the patentee claiming more or less than he had a right to claim in the patent</u>, the Director shall, on the surrender of such patent and the payment of the fee required by law, reissue the patent for the invention disclosed in the original patent, and in accordance with a new and amended application, for the unexpired part of the term of the original patent.

35 U.S.C. § 251 (emphasis added). The parties frame the issue on appeal as whether the highlighted phrase requires that the error occur in the actual language of a patent's claims—as Tyco argues—or refers broadly to errors that result in patent rights with

more or less scope than would have been provided but for the error—as Medrad argues.

"In construing a statute . . . we begin by inspecting its language for plain meaning.  If the words are unambiguous, no further inquiry is usually required." Camargo Correa Metais, S.A. v. United States, 200 F.3d 771, 773 (Fed. Cir. 1999) (citation omitted).  In our interpretation of the statute, we give words their ordinary, contemporary, common meaning unless Congress has indicated otherwise, NTP, 418 F.3d at 1314-15, and "with a view to their place in the overall statutory scheme." Tyler v. Cain, 533 U.S. 656, 662 (2001) (quoting Davis v. Mich. Dept. of Treasury, 489 U.S. 803, 809 (1989)).  We note that neither of the parties has directed us to any legislative history that we should consider.  However, we have held that "[i]n enacting [section 251], Congress provided a statutory basis for correction of 'error.'  The statute is remedial in nature, based on fundamental principles of equity and fairness, and should be construed liberally."  In re Weiler, 790 F.2d 1576, 1579 (Fed. Cir. 1986).

To begin, we note that the cases cited by Medrad are inapposite to the interpretation at issue in this appeal.  In Bennett, we held that a patentee could submit a supplemental declaration to support broadening claims in a timely filed reissue application even though two years had passed.  524 F.2d at 526, 528.  Unlike the reissue in this case, the reissue application in Bennett was still proceeding when the supplemental declaration was filed, and the error at issue was in the claim language. Id. at 525-26.  In Brenner, the Court of Appeals for the District of Columbia held that the

remedial purpose behind section 251 overcame the literal language of 35 U.S.C. § 119[1] and allowed a patentee to obtain priority rights through reissue. 400 F.2d at 791-92. In Fontijn, the Court of Customs and Patent Appeals held that "a reissue application filed for the sole purpose of perfecting a claim to priority does not broaden the scope of the claims of the original patent and is not in contravention of the requirements of section 251 even though filed more than two years after the patent grant." 518 F.2d at 621. Finally, in Stoddard, the Court of Appeals for the District of Columbia—with no meaningful discussion of section 251—permitted a patentee to change the name of the inventor listed on the patent through reissue. 564 F.2d at 567. Other than to emphasize the remedial nature of section 251 and its liberal construction, we do not find these cases to be particularly relevant to the interpretation at issue in this appeal.

We turn next to the highlighted language in section 251. According to the statute, if an error is without deceptive intent, the highlighted language provides for reissue whenever any patent is deemed wholly or partly inoperative or invalid "by reason of the patentee claiming more or less than he had a right to claim in the patent." The plain meaning of that phrase indicates that the error involves rendering a patent wholly or partly invalid by reason of—i.e., because of—claiming more or less than a patentee has a right to claim. Although such an error may result from the language used in a claim, the express terms of the statute do not refer only to errors in the claim language itself, as Tyco argues. Rather, the highlighted language in section 251 can be

---

[1] The relevant language of section 119 at that time provided that "[n]o application for patent shall be entitled to this right of priority unless a claim therefor and a certified copy of the original foreign application, specification and drawings upon which it is based are filed in the Patent Office before the patent is granted." 35 U.S.C. § 119(b) (1964) (emphasis added).

read to encompass any error that causes a patentee to claim more or less than he had a right to claim.  Given the remedial nature of the statute and with an eye to its liberal construction, see Weiler, 790 F.2d at 1579, we find such a reading to be entirely appropriate.  Further, Tyco fails to identify—and we fail to find—any support in section 251, in the statutory scheme, or in the legislative history to indicate that the highlighted phrase should be limited in the manner Tyco argues.  Without an express indication from the statute, we are hesitant to adopt further limitations on the type of errors that are correctable under section 251.  See Superior Fireplace Co. v. Majestic Prods. Co., 270 F.3d 1358, 1370 (Fed. Cir. 2001) (declining to limit correction of mistakes under 35 U.S.C. § 255 to narrowing corrections "without express indication from the statute").  Accordingly, we do not interpret the disputed language in section 251—"by reason of the patentee claiming more or less than he had a right to claim in the patent"—to require that the error occur in the actual language of the claims.

The reissue regulations, 37 C.F.R. §§ 1.171-179, require an applicant to file an oath or declaration with an application for reissue.  The declaration must state that:

> (1) The applicant believes the original patent to be wholly or partly inoperative or invalid by reason of a defective specification or drawing, or by reason of the patentee claiming more or less than the patentee had the right to claim in the patent, stating at least one error being relied upon as the basis for reissue; and

> (2) All errors being corrected in the reissue application up to the time of filing of the oath or declaration under [37 C.F.R. § 1.175(a)] arose without any deceptive intention on the part of the applicant.

37 C.F.R. § 1.175(a).  The regulations further provide that, "[f]or any error corrected, which is not covered by the [original reissue] oath or declaration submitted under [37 C.F.R. § 1.175(a)], applicant must submit a supplemental oath or declaration stating

that every such error arose without deceptive intention on the part of the applicant." 37 C.F.R. § 1.175(b)(1). A failure to submit a supplemental declaration, if required, renders a patent invalid. See Nulpa Corp. v. IXL Mfg. Co., 114 F.3d 191, 195 (Fed. Cir. 1997) (holding a patent invalid under a previous version of 37 C.F.R. § 1.175, because "when amendments correcting an overclaiming [error] are made during reissue prosecution in response to a rejection, a patentee is obligated to file a supplementary declaration" if that error was not supported by the original declaration).

Here, in the application for reissue that resulted in the '648 reissue patent, preliminary amendments were submitted to add new claims directed solely to the broadened subject matter identified in the inventors' declarations. These amendments were supported by the original reissue declaration. Later amendments, however, narrowed existing claims and corrected inventorship. Because the later amendments were not supported by the original reissue declaration, a supplemental declaration was required under 37 C.F.R. § 1.175; however, none was filed before the '648 reissue patent issued. If the narrowing amendment had never been filed, there would have been no need under the rules to file a supplemental declaration, and the resulting reissue would not have been subject to a validity challenge for failure to file such supplemental declaration. However, by including changes to the language of the claims that narrowed the scope of coverage and by correcting inventorship, the resulting '648 reissue patent claimed more than it had a right to claim in the patent without submitting a supplemental declaration to support the narrowing subject matter and the change in inventorship. The correction of such an error meets the express terms of section 251, and thus serves as a basis for reissue.

Tyco alternatively argues that we should affirm summary judgment of invalidity because the declarations submitted in the '602 reissue patent do not comply with 37 C.F.R. § 1.175. The district court, however, expressly declined to consider that issue. See Medrad, 391 F. Supp. 2d at 377 n.2 ("Defendants dispute whether the declarations that were filed during the prosecution of the '602 [reissue patent] actually satisfy the requirement of PTO Rule 1.175. We need not reach that issue, however, given our disposition of these motions."). We think that issue is more appropriately addressed by the district court on remand, and we decline to consider it in the first instance.

### III. CONCLUSION

Because we conclude that a defect that formed the basis for the '602 reissue patent was the type of defect that can be corrected under 35 U.S.C. § 251, we reverse the district court's summary judgment that the '602 reissue patent is invalid and remand for further proceedings consistent with this opinion.

### REVERSED AND REMANDED.

### COSTS

No costs.