NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7261

JOHN E. KAVANAUGH,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

John E. Kavanaugh, of Temple City, California, pro se.

Allison Kidd-Miller, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General; Jeanne E. Davidson, Director; and Martin F. Hockery, Jr., Assistant Director. Of counsel on the brief was Kathleen Heaphy, Staff Attorney, Officer of General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Lawrence B. Hagel

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7261

JOHN E. KAVANAUGH,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 05-1731, Judge Lawrence B. Hagel.

_____

DECIDED: April 8, 2008

_____

Before LINN, Circuit Judge, CLEVENGER, Senior Circuit Judge, and PROST, Circuit Judge.

PER CURIAM.

John E. Kavanaugh ("Kavanaugh") appeals from a judgment of the Court of Appeals for Veterans Claims ("Veterans Court") affirming a Board of Veterans' Appeals ("Board") decision that found Kavanaugh ineligible for payment or reimbursement of medical expenses incurred on April 27 and 28, 1997. Kavanaugh v. Nicholson, No. 05-1731, slip op., 2007 WL 716029 (Vet. App. Feb. 21, 2007). Our jurisdictionally limited review of the Veterans Court's judgment reveals no error. We therefore affirm.

## I.  BACKGROUND

Kavanaugh served in the United States Army from 1958 to 1962.  Prior to April 1997, Kavanaugh had received treatment for diabetes at Veterans Affairs ("VA") medical facilities.  On April 27, 1997, Kavanaugh went into diabetic shock.  An ambulance took him to a private medical facility, despite his request to be taken to a VA hospital.  When Kavanaugh arrived at the private medical facility, he explained to the staff that he would not be able to pay for treatment, and he again requested that he be transported to a VA hospital.  The private facility instead admitted him and kept him overnight, then discharged him on the morning of April 28, with instructions to follow up at a VA hospital.  Later that day, Kavanaugh went to and was admitted to the VA Medical Center at Wadsworth, California, where he was treated on an in-patient basis for nine days.

Following his discharge from the VA hospital, Kavanaugh received bills totaling $6,314.12 for his treatment at the private medical center.  On July 14, 1997, he forwarded those bills to the VA and requested that the VA pay them.  According to the Veterans Court, there was no evidence in the record that Kavanaugh took any steps prior to July 14, 1997, to notify the VA of his intent to seek reimbursement for care that he received at the private facility, or to seek VA authorization for his treatment at the private facility.

The VA denied Kavanaugh's request for payment or reimbursement, the Board affirmed the denial, and the Veterans Court affirmed the Board's decision.  Before the Veterans Court, Kavanaugh (who was at that time represented by counsel) made only one contention:  that the Board erred by failing to consider whether Kavanaugh met the eligibility criteria for reimbursement of medical expenses under 35 U.S.C. §§ 1703 and

1710. He did not argue before the Veterans Court that he was eligible for reimbursement for any other reason.

## II. DISCUSSION

Our jurisdiction with respect to a decision of the Veterans Court is limited. 38 U.S.C. § 7292(a); D'Amico v. West, 209 F.3d 1322, 1325 (Fed. Cir. 2000). We "have exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof [by the Veterans Court], and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). We do not have jurisdiction to review factual determinations or the application of a law or regulation to the facts, unless a constitutional issue is presented. 38 U.S.C. § 7292(d)(2); D'Amico, 209 F.3d at 1325. It is undisputed that this case raises no constitutional issues. Our review is therefore limited to the validity and interpretation of the statutes and regulations relied on by the Veterans Court.

In his informal brief in this pro se appeal, Kavanaugh answered "No" to the questions "Did the Court of Appeals for Veterans Claims decision involve the validity or interpretation of a statute or regulation?" and "Did the Court of Appeals for Veterans Claims decide constitutional issues?" Because these are the only subjects of our jurisdiction, Kavanaugh's concession would ordinarily be dispositive. However, he also argued in his informal brief that the "VA did not understand the [i]ntention of Congress," and he asked this court to "uphold the [i]ntention of [C]ongress." Because pro se pleadings are to be liberally construed, Durr v. Nicholson, 400 F.3d 1375, 1380 (Fed. Cir. 2005), we treat Kavanaugh's appeal as challenging the validity and interpretation of the regulations and statutes applied by the Veterans Court.

2007-7261                                      3

Kavanaugh argued before the Veterans Court that he was entitled to payment or reimbursement under 38 U.S.C. §§ 1703 and 1710. In relevant part, § 1710(a)(2)(G) provides:

> The Secretary . . . shall furnish hospital care and medical services . . . which the Secretary determines to be needed to any veteran . . . who is unable to defray the expenses of necessary care as determined under section 1722(a) of this title.

Applying its own precedent, the Veterans Court held that, although a veteran may be entitled to receive hospital care and medical services <u>in a VA hospital</u> under § 1710, "that section does not contain any provision which would authorize the Secretary to provide reimbursement to a veteran for services rendered <u>at a non-VA facility</u>." <u>Kavanaugh</u>, slip op. at 4, 2007 WL 716029, at *3 (emphasis added) (quoting <u>Zimick v. West</u>, 11 Vet. App. 45, 50 (1998)); <u>see also</u> <u>Malone v. Gober</u>, 10 Vet. App. 539, 543 (1997) (holding that Veterans Court lacked authority to create reimbursement remedy from language of § 1710).

The plain language of § 1710 makes no reference to payment or reimbursement of medical expenses incurred at non-VA hospitals. "In construing a statute . . . we begin by inspecting its language for plain meaning. If the words are unambiguous, no further inquiry is usually required." <u>Medrad, Inc. v. Tyco Healthcare Group LP</u>, 466 F.3d 1047, 1051 (Fed. Cir. 2006) (alteration in the original) (quoting <u>Camargo Correa Metais, S.A. v. United States</u>, 200 F.3d 771, 773 (Fed. Cir. 1999) (citation omitted)). Because the plain language of § 1710 unambiguously does not provide for reimbursement or payment of medical expenses incurred in non-VA hospitals, we agree with the Veterans Court that "even if Mr. Kavanaugh were qualified to receive VA medical care under section 1710(a)(2)(G), application of that section alone would be insufficient to qualify

Mr. Kavanaugh for reimbursement of his expenses for non-VA medical care."

Kavanaugh, slip op. at 4, 2007 WL 716029, at *3.

Section 1703(a)(3) provides, in relevant part:

> When Department facilities are not capable of furnishing economical hospital care or medical services because of geographical inaccessibility or are not capable of furnishing the care or services required, the Secretary, as authorized in section 1710 of this title, may contract with non-Department facilities in order to furnish . . . [h]ospital care or medical services for the treatment of medical emergencies which pose a serious threat to the life or health of a veteran receiving medical services in a Department facility . . . .

Unlike § 1710 (which provides that the Secretary "shall" furnish care in designated circumstances), § 1703 relies on the discretion of the Secretary: "the Secretary . . . may contract with non-Department facilities." 38 U.S.C. § 1703(a) (emphasis added).

Pursuant to 38 U.S.C. § 501, the Secretary has authority to promulgate regulations implementing laws carried out by the Department of Veterans Affairs, including "regulations with respect to the nature and extent of proof and evidence and the method of taking and furnishing them in order to establish the right to benefits" and "the forms of application by claimants under such laws." One such regulation—38 C.F.R. § 17.54—requires prior authorization for treatment at a non-VA hospital pursuant to § 1703(a):

> The admission of a veteran to a non-Department of Veterans Affairs hospital at Department of Veterans Affairs expense must be authorized in advance. In the case of an emergency which existed at the time of admission, an authorization may be deemed a prior authorization if an application, whether formal or informal, by telephone, telegraph or other communication, made by the veteran or by others in his or her behalf is dispatched to the Department of Veterans Affairs . . . within 72 hours after the hour of admission . . . .

38 C.F.R. § 17.54(a).

Relying on § 17.54, the Veterans Court held that Kavanaugh was not entitled to reimbursement under § 1703, because "[n]othing in the record suggests, nor does Mr. Kavanaugh argue, that he sought authorization for his non-VA hospital treatment prior to or within 72 hours of that treatment nor that the VA authorized it." Kavanaugh, slip op. at 4, 2007 WL 716029, at *3. The Veterans Court's interpretation of § 17.54 is plainly correct—the regulation expressly requires "prior" authorization, i.e., authorization made in advance or within 72 hours after admission to a non-VA hospital.

The discretionary "may contract" language of 38 U.S.C. § 1703 necessarily affords the Secretary the discretion to require at least some form of VA authorization for private medical treatment, at some time either prior to or after hospitalization. See 38 U.S.C. § 1703(a). We only address the validity of a regulation "to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). Here, Kavanaugh has presented no basis for us to conclude that the terms of § 17.54 or the Veterans Court's interpretation thereof is arbitrary or otherwise unreasonable. See Doe v. United States, 372 F.3d 1347, 1359 (Fed. Cir. 2004) ("[T]he party contesting the regulation 'bear[s] the burden of showing that the agency's approach is arbitrary or otherwise unreasonable.'" (quoting Koyo Seiko Co. v. United States, 258 F.3d 1340, 1347 (Fed. Cir. 2001))).

Accordingly, the decision of the Veterans Court must be affirmed.

COSTS

No costs.