57 CCPA

**Application of Paul A. MULLER.**

United States Court of Customs
and Patent Appeals.

Nov. 26, 1969.

David E. Varner, Cushman, Darby &
Cushman, Washington, D. C., attorneys
of record, for appellant.

Joseph Schimmel, Washington, D. C.,
for the Commissioner of Patents. Lu-
trelle F. Parker, Washington, D. C., of
counsel.

Before RICH, Acting Chief Judge,
and McGUIRE, Judge, sitting by desig-
nation, ALMOND, BALDWIN and
LANE, Judges.

LANE, Judge.

This appeal is from the decision of the
Patent Office Board of Appeals affirm-
ing the rejection of all claims in appel-
lant's application serial No. 253,784, for
reissue of his U. S. patent No. 2,847,086
entitled "Filtering Material." We con-
clude that the decision of the board must
be reversed.

The specification and drawings of the
reissue application are identical to those
of the original patent. All the claims
(1–10) of the patent were presented
again in the reissue application, and four
additional claims (15–18) were sought.
Claims 15–18 correspond to claims 1–3
and 9 of the patent except that each of
the new claims is of narrower scope by
virtue of the addition of one limitation
not present in the original claims. Claim
16 is illustrative and is produced here
with italics indicating matter added to
corresponding claim 2 of the patent.

16. Filtering means for a gaseous
medium comprising: a plurality of
adjacent layers *constituted by adja-
cent folds* of crepe paper material
*folded and shaped to form an essen-
tially round cylindrical filter body,*
each *of said layers being* provided with
a plurality of spaced apart openings
struck out of said material but leav-
ing thereat projections extending from
said openings therebeyond, said pro-
jections spacing respective opposite
surfaces of adjacent layers from each
other and being made of said crepe
paper material terminating in irreg-
ularly shaped frayed ends, whereby
the projections of one layer may inter-
lace with the projections of an adja-
cent layer to thereby provide a tortu-

ous path between said layers for the passage of said gaseous medium between said layers and along said surfaces of the latter.

The new claims were rejected as (1) not being supported by adequate original disclosure (35 U.S.C. § 112; 35 U.S.C. § 251); and (2) being based upon an insufficient reissue oath, since the oath did not show "error" within the meaning of 35 U.S.C. § 251, as they are drawn to species which were not elected under a restriction requirement in the original application. Rejection of the new claims removed any basis for reissuing claims 1–10 and the latter claims were formally rejected for this reason. The board affirmed the examiner on each ground. No questions of prior art are involved.

### THE DISCLOSURE

The specification, which as we have said is identical with that of the patent, discloses various materials and structural forms for filters of general utility, such as air, dust, smoke and liquid filters. Essentially three stages of manufacture are involved: selection of the basic materials, making "filter materials" from the basic materials, and making "filter bodies" from the filter materials.

The basic material is selected from various papers, such as crepe paper as recited in claim 16. There is no issue here regarding the recital of basic materials in the claims.

The specification teaches forming the basic material into any of various types of filter material. This may be done in several different ways, thus forming several varieties of filter material. These can be considered in two groups. The first group are of the type formed by perforating the basic material so as to leave projections extending from the perforations as in Figs. 1–3.

Fig. 1   Fig. 2   Fig. 3

[A601]

The second group are of the type formed by making clean perforations in the basic material and then adding a layer of fibrous material as shown for example in Figs. 7, 11 and 12.

Fig. 7

Fig. 11

Fig. 12

[A602]

For effective filtration the filter material is multilayered, and this is illustrated for the first group in Fig. 6,

[A603]                                    *Fig. 6*

for the second group in Fig. 10,

[A604]                        *Fig. 10*

and for a combination of the two group types in Fig. 15.

[A605]                                    *Fig. 15*

The new claims here in issue recite a filter material of the first type, namely, the type having projections with frayed ends which interlace when the pad is folded. It is undisputed that this interlacing projection type of filter material is clearly disclosed.

Having described the various filter materials, the specification states:

Figs. 16 and 17 show two further possibilities of forming the mentioned filtering material into a filter body. In Fig. 16 the filtering material is

wound about an axis AB and forms a roll. In the embodiment according to Fig 17 the filtering material is first folded and then shaped to form an essentially round cylindrical body only a sector thereof being shown.

Fig. 17

[A606]

It is at this point that the issue of sufficiency of disclosure arises. The claim limitation of "an essentially round cylindrical filter body" is supported by the above quotation from the specification. There is no contention that persons skilled in the art would not have enough information to make such bodies. The issue arises because the cylindrical filter body *shown* in Fig. 17 appears to be made from material of the second type (clean perforations), whereas the new claims recite material of the first type (projections from the perforations).

## THE BOARD

The board sustained the rejection for insufficient disclosure, stating that the applicant nowhere disclosed a material like the center layer of Fig. 6 (projections from each side of the paper) formed into a body of cylindrical shape. The cylindrical shape, said the board, was described with reference to Fig. 17 which shows a material not of the projection type but of the type "shown, for example, in Figs. 7 or 11." The board rejected applicant's contention that the material shown in Fig 6 could be folded into a form upon which the claims would read, since if that material were folded upon itself there would be no interlacing projections between adjacent folds.

## OPINION

■ We do not dispute the board's view of what is disclosed in Figs. 6 and 17. We do find that the board erred in concluding that there was insufficient disclosure to support the claims. The board appears to have placed undue reliance on the drawings, which are illustrative rather than comprehensive of the disclosure. The above quoted specification language regarding Fig. 17 speaks of "the mentioned filtering material." No particular type is specified, and we think this language is a direction to persons skilled in the art to use *any* of the disclosed forms of filtering material. There is no requirement in the law that every feature recited in a claim must appear in a single figure of the drawing, and the applicant should not be required here to illustrate the cylindrical folding with each and every disclosed material, since it is clear how it could be done.

■ Our holding that the disclosure directs the shaping of any of the disclosed materials into cylindrical bodies is confirmed by the initial description of the drawing wherein it is said:

Figs. 1–6 show filtering material of the first type,

Figs. 7–14 show filtering material of the second type,

Fig. 15 shows a combination of filtering materials of the first and second types,

Figs. 16 and 17 show the manner in which filtering bodies are manufactured *from the filtering material according to this invention,* * * *. (emphasis added)

This language clearly indicates that any of the disclosed forms of filtering material can be formed into cylindrical filtering bodies as *illustrated* in Fig. 17.

Examination of the various forms of filter material reveals that the types shown in Figs. 1–3, if folded and shaped into cylindrical form, would have some adjacent layers with opposed interlacing projections. The claims do not require that every pair of adjacent layers have

such projections. Accordingly, the claims are fully supported by the disclosure.

## THE QUESTION OF ERROR

██ This brings us to the rejection, affirmed by the board, for lack of error within the meaning of 35 U.S.C. § 251. Pursuant to restriction requirement imposed in the first Office Action on the original application, Muller was forced to elect provisionally one of the several species of filter material forms; he chose the multi-layer form shown in Fig. 6 *provided* no generic claim was finally held allowable. The board concluded that "[d]ue to this election no claims were thereafter presented restricted to the form of Fig. 17." This is not so, since the election of the filter material of Fig. 6 had nothing to do with the shape of the filter body. The material form and the finished body are not different species of a genus. Moreover, the provisional election disappeared with the allowance of claims 1–3 of the patent, each of which is generic as regards filter material since each is readable upon the Fig. 2 type, the Fig. 3 type, or the Fig. 6 type of material. Finally it should be noted that the *addition* of a limitation to a claim, as distinguished from the substitution of a limitation, can never result in a claim to a different species, since species claims must be mutually exclusive in scope. By including an additional limitation in each of four new claims here, appellant is not shifting to different species; he is simply defining his invention more narrowly, which he could have done but failed to do in the prosecution of the patent. We find here no deliberate renunciation of subject matter, and we do not reach the question of whether a deliberate non-election of species can be remedied by reissue. We conclude that the reissue oath here shows that the failure to present the narrower claims was through error without any deceptive intention. The oath was therefore sufficient under 35 U.S.C. § 251.

Accordingly, the decision of the board on each of the claims in issue is reversed.

Reversed