57 CCPA

**Application of Henri-Georges DOLL.**
**Patent Appeal No. 8223.**

United States Court of Customs and Patent Appeals.
Jan. 8, 1970.

Brumbaugh, Graves, Donohue & Raymond, New York City, attorneys of record, for appellant, Arthur S. Tenser, New York City, of counsel.

Joseph Schimmel, Washington, D. C., for Commissioner of Patents, Jere W. Sears, Washington, D.C., of counsel.

Before RICH, Acting Chief Judge, ALMOND, BALDWIN and LANE, Judges, and RAO, Chief Judge, sitting by designation.

ALMOND, Judge.

This appeal is from the decision of the Patent Office Board of Appeals affirming the examiner's rejection of claims 32–35, 42 and 43 in appellant's application for a reissue patent [1] on the grounds that the claims are barred by the fourth paragraph of 35 U.S.C. § 251 and not supported by an oath complying with Patent Office Rule 175.

The invention relates to method and apparatus for oil well logging, with which information about the nature of earth formations surrounding a borehole is obtained. More important than an understanding of the invention here is the history of the application before the Patent Office presenting the development of the issues before us. The following facts are not in dispute.

On October 31, 1957, a year and ten months after issuance of his original patent, appellant filed the instant reissue application with the 19 claims of the original patent and 12 additional claims (claims 20–31), *broader* than the 19 original claims, copied for interference purposes from a patent to one Waters. After termination of an interference arising from the above action, appellant presented, during ex parte prosecution, four claims (32–35) copied from a patent to one Piety. The date of submission of those claims was July 28, 1960. Subsequently, during the duly declared Piety interference, appellant presented claims 36–41 copied from a third patent to Alder. On October 16, 1962, claims 32–35 were amended and claims 42 and 43 were presented. No oath other than the original reissue application oath was of record prior to the board's decision. Claims 32–43 are conceded to be broader than any of the original patent claims. All claims were found by the board to be for the invention disclosed in the original patent, and claims 36–41 were further found to be more limited in scope than claim 20 submitted at the time of filing of the reissue application. Claims 32–35, 42 and 43, the only claims before us, are conceded by appellant to be "broader than the claims originally submitted with the appellant's timely filed application for a broadened reissue patent."

Thus, the issues presented for determination in this appeal are:

(1) Whether claims presented in a reissue application filed within two years of the original patent grant are barred by 35 U.S.C. § 251 when such claims are not submitted until more than two years after the grant and are broader in scope than both the original patent claims and the broadening reissue claims originally submitted, and

(2) Whether the reissue oath originally filed with the reissue application is adequate to support the newly submitted claims.

As a corollary to (2) above, appellant contends that an issue before us is whether the board erred in refusing to consider, on petition for reconsideration, whether the original reissue oath can be supplemented after the two-year statutory period prescribed by 35 U.S.C. § 251.

1. Serial No. 694,700 filed October 31, 1957 for reissue of patent No. 2,728,047 granted December 20, 1955 for "Method and Apparatus for Logging Spontaneous Potentials in Wells."

The essence of the Patent Office's position is set forth in the opinion of the board as follows:

The fourth paragraph of 35 U.S.C. § 251, which reads as follows:

> "No reissued patent shall be granted enlarging the scope of the claims of the original patent unless applied for within two years from the grant of the original patent."

makes no direct mention of an application. Thus, it seems to us that the language could just as well mean that no reissue patent shall be granted enlarging the scope of the claims of the original patent, unless said claims are applied for within two years of the grant of the original patent.

Patent Office Rule 175 requires the reissue oath to particularly specify the errors relied upon, which appellant has done in this case by referring particularly to Fig. 4 in his oath, and the fact that he had failed to claim the invention in the breadth set forth in claims 20 to 31, inclusive. Thus, it appears that the two-year period in which to file for broadened reissue claims is granted for the purpose of enabling the patentee to discover particular deficiencies in the breadth of the claims as originally granted, and not as a period in which to decide whether or not he should spread a net to catch any broad subject matter which he may later decide should have been captured.

\* \* \* \* \* \*

\* \* \* [Claims 32–35, 42 and 43] are drawn essentially to the uphole mechanisms shown in Figs. 4 and 5, and nowhere do they require the specific instrumentalities set forth in the reissue oath and the device covered by claim 20. Therefore, these claims stand without an adequate reissue oath, and as claims broader than the patent claims for which no reissue claim was made within the two-year period allowed by the statute.

In support of this position, the solicitor contends, are the decisions in La Maur, Inc. v. DeMert & Dougherty, Inc., 265 F.Supp. 961 (N.D.Ill.1965),, aff'd at (7th Cir. 1966) and Stohr et al. v. Brenner, 157 USPQ 675 (D.D.C.1968), aff'd at 417 F.2d 1149 (D.C.Cir.1969). Among the district court's 23 "Conclusions of Law" in *La Maur* is:

> 19. The reissue claims are also invalid because they are broader than the original claims and broader than the reissue claims originally presented and the doubly broadened subject matter was not claimed until more than two years after the original patent had been granted. Title 35 U.S.C. Sec. 251.

To similar effect is the court's conclusion and holding in *Stohr*, involving "doubly broadened" claims presented in a reissue application filed more than four years after the original patent grant, such application alleged to be, however, a continuation of a reissue application filed within two years of the issue date of the patent. Neither appellate court made any reference to the above ground in their respective affirmances.

We agree with appellant that the above-cited decisions are of little assistance to us in deciding the issues squarely presented to this court. Neither opinion does more than acknowledge the issue and state a conclusion. No analysis pertinent thereto is set forth. In *La Maur* the conclusion of law is but one of many conclusions drawn in the main from those submitted by the prevailing party, and in *Stohr* other factors, possibly relevant, are present.

Although the language of 35 U.S.C. § 251 appears to us free of ambiguity, the above decisions, despite the absence of logic or rationale justifying the courts' interpretations of 35 U.S.C. § 251, have prompted us to consider the legislative history pertaining to the enactment of 35 U.S.C. § 251 to ascertain whether there was any intent contrary to the apparent meaning of the language therein.

Senate Report No. 1979 on H.R. 7794, the patent bill, 1952 U.S.Code Cong. & Adm.News, pp. 2394, 2419, repeats in substance House Report No. 1923 (p. 26) and explains the fourth paragraph of section 251 merely as follows (Report, p. 26):

A two year period of limitation on applying for broadened reissues is added, codifying the present rule of decision with a fixed period.

P. J. Federico, in his Commentary on the New Patent Law in 35 U.S.C.A. following page 1, states (page 44 of commentary):

The new statute enacts a fixed period of two years from the grant of the original patent, within which to apply for a reissue "enlarging the scope of the claims of the original patent." Such a reissue cannot be obtained on an application filed more than two years after the date of the original patent, and presumably is timely if applied for within two years as far as the reissue requirements are concerned.

■ We are unable to ascertain from the above any intent similar to the interpretation placed on section 251 by the board. To the contrary, it appears clear that the language "applied for" refers to filing of an application. The solicitor further makes reference to rights of the public. We have considered that argument but believe it unnecessary to comment thereon in detail in view of our interpretation of section 251 except to note, as does appellant, that 35 U.S.C. 252 provides safeguards for the public by virtue of its intervening rights provisions.

■ With respect to the rejection based on lack of an adequate reissue oath, it appears to us from the language employed by the board in its opinion that the affirmance of that rejection was based substantially on the view that the claims were barred by 35 U.S.C. § 251. While Patent Office Rule 175 sets out requirements for reissue oaths, including that the applicant make a statement "distinctly specifying the excess or insufficiency in the claims," we do not see where there has been a lack of compliance therewith in this case. The original reissue application oath specifies:

None of the patent claims affords for the embodiment of Fig. 4 patent coverage of the scope possessed by claims 20–31, inclusive, which form part of the foregoing specification, nor were claims of comparable scope ever presented during the pendency of the original application on which said Letters Patent were granted.

If the claims on appeal are broader in scope than claims 20–31, originally presented, as all agree, it is clear that none of the patent claims afforded patent coverage of the scope of claims 32–35, 42 and 43 either. We are unable to perceive any other objections by the board to the oath in question. No particular defect has been singled out or commented upon by the board. On this record, we agree with appellant that the oath is adequate.

The decision of the board is, accordingly, reversed.

Reversed.