**In re Amar G. BOSE.**

**Appeal No. 82–507.**

United States Court of Customs and Patent Appeals.

Aug. 23, 1982.

Rehearing Denied Sept. 30, 1982.

Before MARKEY, Chief Judge, and RICH, BALDWIN, MILLER and NIES, Judges.

### ORDER

Appellant's reissue application was filed pursuant only to 37 CFR 1.175(a)(4) and has not been converted to a regular reissue application under 35 U.S.C. § 251 complying with the other provisions of § 1.175. Appellant does not assert otherwise, but relies on the sufficiency of his (a)(4) application as the basis for this appeal.

 Prior to the filing of this reissue application, appellant disclaimed certain claims from his patent and after filing cancelled them from the application. 35 U.S.C. § 253 requires that "[s]uch disclaimer . . . shall thereafter be considered as part of the original patent." Therefore, there could be no reissue patent that would differ from the Bose patent as a result of appellant's first cancellation. Subsequently, appellant cancelled other claims in the application, which claims remain in the Bose patent. However, merely removing claims from an (a)(4) application is not enough to turn such application into an application seeking reissue or avoid the holding that all that has been given by the board is an advisory opinion. The cancellation of claims in appellant's application did no more than limit the scope of the advisory opinion sought from the Patent and Trademark Office with respect to the remaining claims, all of which are identical to the original Bose patent claims. Thus, the decision of the Board of Appeals before us in this appeal is merely an advisory opinion on an (a)(4) application for the reasons stated in *In re Dien*, 680 F.2d 151, 214 USPQ 10 (Cust. & Pat.App.1982).

Accordingly, it is: ORDERED that this appeal is dismissed for lack of jurisdiction.

MILLER, Judge, with whom BALDWIN, Judge, joins, concurring.

I concur in dismissal of the appeal.

However, the order issued by the court sets forth an insufficient factual basis for

ignoring the decision of the Patent and Trademark Office ("PTO") Board of Appeals ("board") that this, in reality, is a 37 CFR 1.175(a)(3) (hereinafter "(a)(3)") proceeding; and it effectively holds that appellant's application is a 37 CFR 1.175(a)(4) (hereinafter "(a)(4)") proceeding.

## BACKGROUND

A patent was issued to Amar G. Bose on December 27, 1966,[1] and was assigned to the Bose Corporation ("Bose"). An exclusive license under the Bose patent was granted to Control Systems Research, Inc. ("CSR")[2] in the field of industrial motor control and automation systems.

On April 4, 1974, a civil action for patent infringement was filed[3] by Bose and CSR against Aerotech, Inc. ("Aerotech"), a competitor of CSR. Upon completion of discovery, the district court, pursuant to a motion by Bose and CSR with the consent of Aerotech, ordered the proceedings before it stayed pending the filing and prosecution of the involved reissue application.[4] During the PTO proceedings, Aerotech and the General Electric Company participated as protesters by filing briefs, presenting evidence, and arguing before the board. In the present appeal, Aerotech has filed a brief as an amicus curiae.

The examiner made two types of rejections: a "technical" rejection and prior art rejections. Due to the disposition of this case, it is unnecessary to discuss the precise nature of the claimed invention or the prior art rejections. It is sufficient to note that all claims pending in the involved reissue application are identical to claims remaining in the Bose patent. Further, regardless of whether we were to agree or disagree with the board's decision, said Bose patent claims would remain because a reissue proceeding cannot be employed *solely* for the purpose of removing claims from a patent.[5]

Regarding the "technical" rejection, it was the examiner's position that all claims were disallowed on the basis that the reissue declaration was insufficient due to appellant's failure to "fully reflect the circumstances for the disclaimer" of claims 5–9 and 30[6] and to "specify when and the manner in which the reissue applicant became aware of the error in the patent." According to the examiner, this is "other information relevant to patentability not previously considered by the Office" under (a)(4), which appellant is required to provide by virtue of 37 CFR 1.56(a)[7] and 1.175(b).[8] In affirming the examiner, the board noted

1. United States Patent No. 3,294,981.

2. CSR now operates as a division of Contraves-Goerz Corporation.

3. Civil Action No. 74–315. This action is pending in the United States District Court for the Western District of Pennsylvania.

4. The reissue statute is 35 U.S.C. § 251.

5. In *reexamination* proceedings, the Commissioner has authority to cancel patent claims. 35 U.S.C. § 307.

6. Appellant argued before the PTO prior to issuance of the Bose patent that the inclusion of a certain claim limitation was a sufficient basis to overcome the references of record. (Appellant had promptly disclaimed claims 5–9 and 30 upon service of interrogatories during discovery in the civil action questioning these claims, which did not include this certain limitation.)

7. 37 CFR 1.56(a) provides:
 A duty of candor and good faith toward the Patent and Trademark Office rests on the inventor, on each attorney or agent who prepares or prosecutes the application and on every other individual who is substantively involved in the preparation or prosecution of the application and who is associated with the inventor, with the assignee or with anyone to whom there is an obligation to assign the application. All such individuals have a duty to disclose to the Office information they are aware of which is material to the examination of the application. Such information is material where there is a substantial likelihood that a reasonable examiner would consider it important in deciding whether to allow the application to issue as a patent. The duty is commensurate with the degree of involvement in the preparation or prosecution of the application.

8. The regulation concerning reissue oaths or declarations, 37 CFR 1.175, provides, *inter alia*:
 (a) Applicants for reissue, in addition to complying with the requirements of the first sentence of § 1.65, must also file with their applications a statement under oath or declaration as follows:

that not only had appellant, prior to filing for reissue, disclaimed and, after filing for reissue, cancelled claims 5–9 and 30, but also had cancelled claims 32–34 by a later amendment. It concluded that, by cancelling these claims, appellant, in effect, converted his reissue application from an (a)(4) application to an (a)(3) [9] application. According to the board, the reissue oath or declaration must set forth the circumstances that led to the disclaimer, reciting that appellant "has reason to believe that ... claims of said Letters Patent may be too broad or invalid," and must "specify the excess or insufficiency in the claims" which led to the cancellation of those claims.

## ARGUMENTS RAISED

With respect to the "technical" rejection, appellant argues that neither the statutes nor the rules require that any reason be given for disclaiming claims, that 35 USC 253 expressly provides that, upon effecting a disclaimer, such "disclaimer ... shall thereafter be considered as part of the original patent," and the preliminary amendment cancelling previously disclaimed claims 5–9 and 30 "was only for the purpose of having the application on file reflect the state of the original patent at the time the reissue application was filed." Further, in response to the first office action, appellant's attorney explained that these claims were disclaimed due to an inadvertent failure at the time the patent issued to include a certain limitation which was the determinative factor leading to issuance of the Bose patent in the face of the references of record.[10]

Traversing the PTO's requirement that a new oath or declaration be provided by appellant setting forth reasons explaining the cancellation of claims 32–34 during prosecution of the reissue application, appellant argues:

Subparagraph (a)(4) expressly authorizes an applicant seeking reissue under these provisions to request "that if the examiner so deems, the applicant be permitted to amend the patent and be granted a reissue patent." There is no need to require an applicant who applies under these provisions to file a new declaration complying with subparagraph (a)(3) because the prosecution history of the application for reissue will show why the Examiner deemed the original patent wholly or partly inoperative or invalid with the amendments by the applicant resulting in the grant of a reissue patent.

The Solicitor questions this court's jurisdiction stating:

[T]here is no question of patent validity here, nor will the fate of appellant's reissue application have any necessary legal effect on his patent. *McCormick v. Aultman,* 169 U.S. 606 [18 S.Ct. 443, 42 L.Ed. 875] (1898). The only change that would be effected by appellant's reissue application would be deletion of claims 32–34, a matter more reasonably achieved by further disclaimer under 35 U.S.C. 253. By his reissue application, appellant has merely sought and been given an advisory opinion by the PTO on patentability.... Indeed, it has been questioned whether a reissue application of this kind can give rise to "a case or controversy sufficient to invoke the jurisdiction of the federal courts." *Bally Mfg. Co. v. Diamond,* 629 F.2d 955, 207 USPQ 177 (4th Cir. 1980), at f.n. 7.

## ANALYSIS

The issue in this appeal is whether the board's decision presents a case or contro-

----

(3) When it is claimed that such patent is inoperative or invalid "by reason of the patentee claiming more or less than he had a right to claim in the patent," distinctly specifying *the excess or insufficiency in the* claims.

(4) When the applicant is aware of prior art or other information relevant to patentability, not previously considered by the office, which might cause the examiner to deem the original patent wholly or partly inoperative or invalid, particularly specifying such prior art or other information and requesting that if the examiner so deems, the applicant be permitted to amend the patent and be granted a reissue patent.

....

**9.** See note 8, *supra.*

**10.** *See note 6, supra.*

versy over which this court has jurisdiction. In *In re Dien*, 680 F.2d 151, 214 USPQ 10 (Cust. & Pat.App.1982), this court applied a results test [11] to determine whether a case or controversy was present, namely: if a reissue patent could issue as a proximate result of this court's decision, then a case or controversy exists, and this court has jurisdiction.[12]

The parties have devoted a large portion of their arguments to the distinctions between (a)(3) and (a)(4) type reissue proceedings. The board said that this, in reality, is an (a)(3) proceeding because appellant has cancelled claims. Appellant has refused to execute an (a)(3) oath or declaration and argues that this is an (a)(4) proceeding. The Solicitor suggests that all (a)(4) proceedings are advisory. However, the label attached by the PTO or appellant to a reissue proceeding, whether it be (a)(3) or (a)(4), is not determinative of whether a case or controversy exists for purposes of Article III of the Constitution of the United States.

Applying a results test, it is to be noted that claims 5–9 and 30 were disclaimed prior to the filing of this reissue application. I agree with appellant that upon effecting a disclaimer, 35 U.S.C. § 253 requires that "[s]uch disclaimer ... shall thereafter be considered as part of the original patent." Therefore, with respect to claims 5–9 and 30, there could be no reissue patent that

would differ from the Bose patent. The only difference between the Bose patent and this reissue application is that claims 32–34, which remain in the Bose patent, have been cancelled from the reissue application. However, in the Congressional scheme the proper vehicle for merely removing invalid claims from a patent is disclaimer under 35 U.S.C. § 253,[13] and not reissue. The distinction between disclaimer and reissue practice was underscored by the Patent Act of 1952, which eliminated a provision in the prior statute permitting, through disclaimer, revision of a claim by restricting its scope.[14] However, if a reissue proceeding is *otherwise* properly invoked, claims can be cancelled in the course of that proceeding.

Accordingly, as in *Dien*, appellant "has not *really* asked for a reissue—thus far—and is not going to get a reissue as matters now stand regardless of what we do on this appeal." No change by reissue can be made under these circumstances; the only remaining claims are original patent claims which will remain in appellant's patent regardless of our decision. Therefore, because a reissue patent cannot be obtained under the circumstances of this case, there is no case or controversy, and this court lacks jurisdiction.

**11.** In *Dien* we stated: "The PTO, which enjoys special expertise in what its own procedures are and what results from them, has made this amply clear. Appellant has not *really* asked for a reissue—thus far—and is not going to get a reissue as matters now stand regardless of what we do on this appeal."

**12.** It should be noted not only that there has been no amendment altering *any* claim presented in the reissue application in comparison to the remaining Bose patent claims, but also that there has been no amendment altering the specification or drawings presented in the reissue application in comparison to the existing Bose patent. *See In re Altenpohl*, 500 F.2d 1151, 183 USPQ 38 (Cust. & Pat.App.1974).

**13.** 35 U.S.C. § 253 provides:

**Disclaimer**

Whenever, without any deceptive intention, a claim of a patent is invalid the remaining claims shall not thereby be rendered invalid. A patentee, whether of the whole or any sectional interest therein, may, on payment of the fee required by law, make disclaimer of any complete claim, stating therein the extent of his interest in such patent. Such disclaimer shall be in writing and recorded in the Patent and Trademark Office; and it shall thereafter be considered as part of the original patent to the extent of the interest possessed by the disclaimant and by those claiming under him.

. . . .

**14.** *See* P. J. Federico, Commentary On The New Patent Act, *Preface* to Title 35 U.S.C.A. at 47–48 (1954).