**In re Richard A. FOTLAND and Jeffrey J. Carrish.**

**Appeal No. 85–1546.**

**Reissue Application Serial No. 177297.**

United States Court of Appeals, Federal Circuit.

Dec. 12, 1985.

George E. Kersey, Framingham, Mass., argued for appellants. With him on the brief were Barry D. Josephs and Gary S. Winer.

Fred E. McKelvey, Deputy Sol., U.S. Patent and Trademark Office, Arlington, Va., argued for appellee. With him on the brief were Joseph F. Nakamura, Sol. and Michael L. Gellner, Asst. Sol., Washington, D.C.

Before MARKEY, Chief Judge, BALDWIN and NEWMAN, Circuit Judges.

PAULINE NEWMAN, Circuit Judge.

We affirm the decision of the United States Patent and Trademark Office Board of Appeals (Board), which in turn affirmed the examiner's rejection of all of the claims of Fotland and Carrish's reissue application Serial No. 177,297 (the '297 application).

We hold that a "no defect" reissue application that was filed under 37 C.F.R. § 1.175(a)(4) within two years after the grant of the patent did not provide a basis for compliance with 35 U.S.C. § 251, fourth paragraph, when the patentee first sought to enlarge the scope of the claims more than two years after the patent grant.

## Background

Fotland and Carrish's U.S. Patent No. 4,155,093 (the '093 patent) entitled "Method and Apparatus for Generating Charged Particles" was granted on May 15, 1979. A "no defect" reissue application citing new references was filed pursuant to 37 C.F.R. § 1.175(a)(4) on August 11, 1980, within two years of patent grant. This regulation [1] enabled patentees to obtain review of their patent claims in light of information not previously considered by the examiner, without amending the claims or the specification and without stating that the patent was believed by the patentee to be wholly or partly inoperative or invalid:

§ 1.175 Reissue oath or declaration.

(a) Applicants for reissue, in addition to complying with the requirements of the first sentence of § 1.65, must also file with their applications a statement under oath or declaration as follows:

\* \* \* \* \* \*

(4) When the applicant is aware of prior art or other information relevant to patentability, not previously considered by the Office, which might cause the examiner to deem the original patent wholly or partly inoperative or invalid, particularly specifying such prior art or other information and requesting that if the examiner so deems, the applicant be permitted to amend the patent and be granted a reissue patent.

Appellants' declaration, submitted with the petition for reissue, averred:

They do not believe that the foregoing references would cause the Examiner to deem the original patent fully or partly invalid on the basis of 35 U.S.C. § 103. They request, however, if the Examiner so rule, that the applicants be permitted to amend the patent and be granted a reissue patent.

---

1. Effective March 1, 1977, 37 C.F.R. § 1.175 was amended to add subparagraph (a)(4). 42 Fed. Reg. 5588, 5594–95 (Jan. 28, 1977). The "no defect" reissue practice was repealed effective July 1, 1982. 47 Fed.Reg. 21746, 21748–49, 21752 (May 19, 1982).

On April 17, 1981, the examiner rejected all the submitted claims, which were all of the patent claims as originally granted, "as lacking statutory basis for a reissue because the patent is not deemed wholly or partly inoperative or invalid". The examiner also stated that the new references had "been carefully considered", and that "the claims define thereover". That is, the examiner concluded that there was no defect in the patent due to the newly cited references. Such action normally ends the proceedings, applicants' purpose of obtaining review of the claims in light of the new references having been successfully accomplished.

Applicants filed a response on August 17, 1981, amending several claims of the patent and adding four new claims. A "supplemental reissue declaration" was filed, and applicants stated that "[t]he effect of this declaration is to convert the present reissue application to one under 37 C.F.R. 1.175 subsection (a)(3)".[2] In the supplemental declaration Fotland and Carrish averred "that they verily believe the original patent to be wholly or partly inoperative by reason of their claiming less than they had a right to claim in this matter". Applicants declared that the independent claims contained certain "unduly narrow limitations" and that the claims of the '093 patent did not "explicitly cover the preferred structural feature". Applicants also stated that such errors arose "because they were overlooked during the original prosecution of the case".

The examiner refused to reissue the '093 patent and the Board affirmed, holding that the claims could not be broadened by request first made more than two years after patent grant, even though a 37 C.F.R. § 1.175(a)(4) "no defect" reissue application was on file within the two year limit set in 35 U.S.C. § 251. The Board stated that the "no defect" reissue application was merely a request for an advisory opinion, citing *In re Dien*, 680 F.2d 151, 214 USPQ 10 (CCPA 1982) and *In re Bose*, 687 F.2d 432, 215 USPQ 1 (CCPA 1982). Because the applicants had failed to file a "real application for reissue within the statutory grace period provided in 35 U.S.C. § 251", the attempted conversion of the application was held untimely.

### Analysis

The purpose of the law that a broadening reissue must be applied for within two years after patent grant is to set a limited time after which the public may rely on the scope of the claims of an issued patent. "[N]o one should be relieved who has slept upon his rights, and has thus led the public to rely on the implied disclaimer involved in the terms of the original patent...." *Wollensak v. Reiher*, 115 U.S. 96, 100, 5 S.Ct. 1137, 1139, 29 L.Ed. 350 (1885); *Webster Electric Co. v. Splitdorf Electric Co.*, 264 U.S. 463, 467–68, 44 S.Ct. 342, 343, 68 L.Ed. 792 (1924).

Prior to the 1952 Patent Act there was no fixed time limit for the filing of a broadening reissue and courts generally applied the principles of laches, frequently adopting a two-year limitation. It was codified in the fourth paragraph of 35 U.S.C. § 251, that:

> No reissued patent shall be granted enlarging the scope of the claims of the original patent unless applied for within two years from the grant of the original patent.

P.J. Federico explained in his Commentary on the New Patent Act, 35 U.S.C.A. 1, 44 (West 1954):

> The new statute enacts a fixed period of two years from the grant of the original patent, within which to apply for a reissue "enlarging the scope of the claims of the original patent." Such a reissue cannot be obtained on an application filed more than two years after the date of the original patent, and presumably is

---

**2.** 37 C.F.R. § 1.175(a)(3) provides:

When it is claimed that such patent is inoperative or invalid "by reason of the patentee claiming more or less than he had a right to claim in the patent," distinctly specifying the excess or insufficiency in the claims. [The phrase quoted is from 35 U.S.C. § 251, first paragraph.]

timely if applied for within two years as far as the reissue requirements are concerned.

Appellants argue that they had a reissue application on file within the two year period, and that their subsequent request for broadened claims is authorized by *In re Doll*, 419 F.2d 925, 164 USPQ 218 (CCPA 1970). In *Doll* the Court of Customs and Patent Appeals held that when a broadening reissue application was on file within the two year period, the claims could be further broadened after the two year period. Appellants argue that this also applies to "no defect" reissue applications that did not seek to enlarge the claims during the two year period. We must reject this position as contrary to precedent, contrary to regulation, and contrary to the plain language of § 251.

No reissue patent can be granted on a § 1.175(a)(4) reissue application. The application must first be removed from its "no defect" status by "the happening of future events in accordance with 35 U.S.C. § 251". *In re Dien*, 680 F.2d at 155, 214 USPQ at 14. The court in *Dien* observed that the appellants "[have] not *really* asked for a reissue—thus far—and [are] not going to get a reissue as matters now stand regardless of what we do on this appeal". *Id.* (emphasis in original). As stated in *In re Clark*, 522 F.2d 623, 625, 187 USPQ 209, 211 (CCPA 1975), determination of the sufficiency of grounds for reissue as set forth in the submitted oath is the "first order of business in examining an application for reissue."

Appellants' reissue application filed under § 1.175(a)(4) did not assert broadened claims or allege a defect in their patent. In seeking and obtaining the benefit of the examiner's review of their new information, as enabled by § 1.175(a)(4), appellants were not required to comply with other provisions of § 1.175, and did not do so. Not until appellants filed their supplemental declaration under § 1.175(a)(3) did they seek "a true reissue of [their] patent". *In re Dien*, 680 F.2d at 154, 214 USPQ at 14.

Appellants argue that their offer of surrender of the '093 patent on June 27, 1980 "anticipated the reissuance", and thus met the requirements for a "true reissue" application within the two year limit. However, the requisite declaration and broadened claims were not filed until August 17, 1981, more than two years after the grant of the '093 patent. Congress limited to two years the time during which a patentee may apply for enlargement of patent claims. 35 U.S.C. § 251 supports no other than this plain meaning.

AFFIRMED.