**In re Paul GRAFF.**

No. 96–1349.

United States Court of Appeals, Federal Circuit.

April 14, 1997.

ground, and affirm as to the second. Thus the judgment of the Board is affirmed.

## BACKGROUND

On October 23, 1984, United States Patent No. 4,477,928 (the '928 patent) was issued to inventor Paul Graff. On July 29, 1986 Mr. Graff filed reissue application Serial No. 06/891,365, declaring as the error requiring correction that the '928 patent was defective in that Figure 5 as issued did not match Figure 5 as filed, due to a draftsman's error. A corrected Figure 5 was submitted with the reissue application. No change in the claims was proposed.

The examiner conducted a new prior art search, in accordance with PTO practice for all reissue applications, even those based on draftsman's error. *See* 37 C.F.R. § 1.176 ("An original claim, if re-presented in the reissue application, is subject to reexamination, and the entire application will be examined in the same manner as original applications....") The examiner, by action dated September 2, 1987, rejected all of the claims on the ground of obviousness, citing a new reference. Although Mr. Graff had previously proposed no change in the claims, upon consideration of the new rejection he filed an amendment on February 2, 1988, leaving the scope of the original claims unchanged and adding several new claims that were, according to the amendment, broader in some respects and equivalent in others. With this amendment Mr. Graff filed a new declaration in a form appropriate to broadening reissue applications, averring that he had erroneously claimed "more or less" than he had a right to claim in the '928 patent. Mr. Graff also presented arguments directed to the patentability of all of the claims in light of the newly cited reference.

All of the original claims, one of which was replaced with a new claim of the same scope, were allowed on June 27, 1990. However, all of the broadened claims were rejected on the ground that Mr. Graff had not applied for a reissue patent enlarging the scope of the claims within the statutory two year period for filing broadening reissue applications.

Lawrence M. Green, Wolf, Greenfield & Sacks, P.C., Boston, MA, argued for appellant. With him on the brief was Richard F. Giunta.

Nancy J. Linck, Solicitor, Patent and Trademark Office, Arlington, VA, argued for appellee. With her on the brief were Albin F. Drost, Deputy Solicitor, and James T. Carmichael, Associate Solicitor.

Before NEWMAN, LOURIE, and RADER, Circuit Judges.

PAULINE NEWMAN, Circuit Judge.

Paul Graff appeals the decision of the Patent and Trademark Office (PTO) Board of Patent Appeals and Interferences[1] affirming the rejection of the claims of this reissue application. The Board held that grant of a reissue patent precludes the grant of a later reissue patent from a continuation reissue application. The Board also held that not only the reissue application but also broadening claims, as were sought by Mr. Graff, must be filed within two years of the original patent issue date. We reverse as to the first

1. *In re Graff*, No. 95–1307 (Bd. Pat. Apps. & Int. Mar. 7, 1996).

Mr. Graff wished to appeal this rejection, for he deemed it to be contrary to the holding of *In re Doll,* 57 C.C.P.A. 822, 419 F.2d 925, 164 USPQ 218 (1970). However, he was concerned about the continuing delay, for he was involved in an infringement suit that had been stayed, the reissue application had already been pending for four years, and he was experiencing injury from infringement. Therefore, Mr. Graff acted to secure issuance of the reissue patent with the corrected drawing and the allowed claims, while he prosecuted the broadened claims in a continuation application. To this end he filed, on March 8, 1991, a continuation of his reissue application containing only the broadened claims, which he then cancelled from the first reissue application. The first reissue application duly issued as Reissue Patent No. 33,586 on May 14, 1991, with the corrected drawing and essentially the same claims as in the surrendered '928 patent.

The claims of the continuation reissue application were again rejected by the examiner, on the ground that the broadened claims were filed more than two years after issuance of the original '928 patent. Mr. Graff argued that it was sufficient that he had filed a non-broadening reissue application within the two year period, citing *In re Doll.* However, the Board distinguished *Doll* on its facts, and declined to follow it in this case. The Board also held that the continuation reissue application could not be granted because "35 U.S.C. § 251 does not authorize reissuance of the surrendered '928 patent through the present second reissue application." This appeal followed.

## DISCUSSION

The reissue statute provides:

§ 251[1] Whenever any patent is, through error without any deceptive intention, deemed wholly or partly inoperative or invalid, by reason of a defective specification or drawing, or by reason of the patentee claiming more or less than he had a right to claim in the patent, the Commissioner shall, on the surrender of such patent and the payment of the fee required by law, reissue the patent for the invention disclosed in the original patent, and in accordance with a new and amended application, for the unexpired part of the term of the original patent. No new matter shall be introduced into the application to reissue.

■ The Commissioner may issue several reissued patents for distinct and separate parts of the thing patented, upon demand of the applicant, and upon payment of the required fee for a reissue for each of such reissued patents.

■ The provisions of the title relating to applications for patent shall be applicable to applications for reissue of a patent, except that application for reissue may be made and sworn to by the assignee of the entire interest if the application does not seek to enlarge the scope of the claims of the original patent.

■ No reissued patent shall be granted enlarging the scope of the claims of the original patent unless applied for within two years from the grant of the original patent.

35 U.S.C. § 251 (paragraph numbers added).

### A

■ The Board held that 35 U.S.C. § 251 does not authorize reissuance of the surrendered '928 patent through Mr. Graff's second reissue application. However, § 251 does not bar multiple reissue patents in appropriate circumstances. Section 251[3] provides that the general rules for patent applications apply also to reissue applications, and § 251[2] expressly recognizes that there may be more than one reissue patent for distinct and separate parts of the thing patented. The statute does not prohibit divisional or continuation reissue applications, and does not place stricter limitations on such applications when they are presented by reissue, provided of course that the statutory requirements specific to reissue applications are met. *See* § 251[3].

The PTO argues that § 251[2] means that the grant of "several" reissue patents is limited to the factual situation of *The Corn–Planter Patent,* 90 U.S.(23 Wall.) 181, 227–28, 23 L.Ed. 161 (1874). We are offered no authority for so constricting this statutory

provision. Section 251[2] is plainly intended as enabling, not as limiting. Section 251[2] has the effect of assuring that a different burden is not placed on divisional or continuation reissue applications, compared with divisions and continuations of original applications, by codifying the Supreme Court decision which recognized that more than one patent can result from a reissue proceeding. Thus § 251[2] places no greater burden on Mr. Graff's continuation reissue application than upon a continuation of an original application; § 251[2] neither overrides, enlarges, nor limits the statement in § 251[3] that the provisions of Title 35 apply to reissues. The Board's rulings restricting Mr. Graff's reissue applications beyond the strictures of the statute are reversed. On this ground, Mr. Graff's continuation application was improperly rejected.

*B*

■ Mr. Graff argues that since he applied to reissue the '928 patent within two years of the original patent grant, precedent as established in *In re Doll* requires no more. He argues that it is irrelevant that he did not insert broadened claims into the pending reissue application until two years after the original issue date.

In *Doll* a reissue application containing broadened claims was filed within the two year period, and the claims were further broadened after the two year period. The Court of Customs and Patent Appeals stated that "it appears clear that the language 'applied for' refers to filing of [the reissue] application." *Doll*, 419 F.2d at 928, 164 USPQ at 220. Mr. Graff states that this statement is not limited to the specific facts of *Doll*, and requires only that a reissue application was on file before the two years had elapsed. The Board, correctly, did not agree.

As the Court of Customs and Patent Appeals recognized, in *Doll* the public was placed on notice of the patentee's intention to enlarge the claims by the filing of a broadening reissue application within the two year statutory period. The court in *Doll* simply held that the reissue applicant, in the course of prosecution of the reissue application, was not barred from making further broadening changes in the claims. *Doll* did not raise the question at bar, of whether § 251[4] is met if there is no broadening reissue application on file within the two-year period. We conclude that it is not. In *In re Fotland*, 779 F.2d 31, 228 USPQ 193 (Fed.Cir.1985) the Federal Circuit declined to permit the filing of broadened claims in a reissue application that had been filed within two years of patent grant, where the broadened claims were first presented more than two years after patent grant. Although *Fotland* may be distinguished as precedent because the reissue application as filed was a "no-defect" application in accordance with 37 C.F.R. § 1.175(a), *Fotland* supports the Board's conclusion in Mr. Graff's case.

Mr. Graff proposes that it is sufficient if the public has notice that a reissue application had been filed within the two-year period, and that *Doll* charges the public with knowledge that broadening claims may be later added. On this case, the public had no notice that broadening was being sought until after the two-year period. We discern no justification for imposing this degree of uncertainty upon the public. The reissue statute balances the purpose of providing the patentee with an opportunity to correct errors of inadequate claim scope, with the public interest in finality and certainty of patent rights. *See Wollensak v. Reiher*, 115 U.S. 96, 100, 5 S.Ct. 1137, 1139–40, 29 L.Ed. 350 (1885) ("[N]o one should be relieved who has slept upon his rights, and has thus led the public to rely on the implied disclaimer involved in the terms of the original patent.")

■ We conclude that the reissue statute requires that proposals to broaden a patented invention must be brought to public notice within two years of patent issuance. The interested public is entitled to rely on the absence of a broadening reissue application within two years of grant of the original patent. Since Mr. Graff's broadened claims were first filed more than two years after patent grant, the Board's rejection of these claims is affirmed on this ground.

No costs.

*AFFIRMED.*