DYK, Circuit Judge,
dissenting.
Respectfully, I dissent. I would affirm the Board’s holding that the addition of a narrower claim in a reissue application is not a proper basis for reissue under 35 U.S.C. § 251 if the application still contains all of the original patent claims.
I
The majority here bases its decision on the assertion that “the Board’s determination is contrary to longstanding precedent of this court and flies counter to principles of stare decisis.” Maj. op. at 1249. To support this assertion the majority relies on Hewlett-Packard Co. v. Bausch & Lomb, Inc., 882 F.2d 1556 (Fed.Cir.1989), In re Muller, 57 CCPA 748, 417 F.2d 1387 (1969), and In re Handel, 50 CCPA 918, 312 F.2d 943 (1963). In my view, none of these cases resolves the issue before us. Where, as here, the prior cases have “never squarely addressed the issue, and have at most assumed the applicability of [a particular] standard,” we are not bound by those decisions and remain “free to address the issue on the merits” in subsequent cases. Brecht v. Abrahamson, 507 U.S. 619, 631, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993); see also Jan’s Helicopter Serv., Inc. v. F.A.A., 525 F.3d 1299, 1308 n. 9 (Fed.Cir.2008); Co-Steel Raritan, Inc. v. Int’l Trade Comm’n, 357 F.3d 1294, 1307 (Fed.Cir.2004); United States v. County of Cook, Ill, 170 F.3d 1084, 1088 (Fed.Cir.1999).
In Handel, the examiner rejected the reissue claims in part because the addition of narrower claims without modification of the original claims was not a proper ground for reissue. 312 F.2d at 945. The Board reversed that ground for rejection, holding instead that the reissue claims were improper because they were not “directed to the same invention recited in the claims of the patent.” Id. at 947. On appeal, our predecessor court made clear that its “function [was] to pass only on such grounds of rejection as [had] not been reversed by the [Board].” Id. at 948. Thus, whether the addition of narrower claims was a proper grounds for reissue was “clearly out of the case.” Id. at 946. The court stated explicitly that the “sole issue in the case [was] whether the [reissue] claims [were] ‘for the invention disclosed in the original patent,’ as required by 35 U.S.C. § 251.” Id. at 944. Though the court stated in a footnote that reissue is proper when the only change to the original patent is the addition of narrower claims as “a hedge against possible invalidity,” it did not squarely address the issue. See id. at 945 n. 2.
In Muller, the reissue claims were rejected in part because “they [were] drawn to species which were not elected under a restriction requirement in the original application.” 417 F.2d at 1388. The court reversed because it concluded that the applicant was “not shifting to [a] different species.” Id. at 1391. Far from resolving the issue before us today, the court said nothing about whether the addition of a narrower claim in a reissue application *1253 that still contains all of the original patent claims is proper.
In Hewlett-Packard, we made clear that we were not deciding whether to allow reissue for the purpose of including narrower claims as a hedge against invalidity. 882 F.2d at 1565. We noted that, “[f]or purposes of this case, we will assume that that practice is in accordance with the remedial purpose of the [reissue] statute,” but stated explicitly that “[w]e need not decide here whether omission of narrow claims ... meets ... the requirement for error [under § 251].” Id.
None of these cases squarely addressed or decided whether seeking to include narrower claims while retaining the original claims is a proper basis for reissue under § 251. In Hewlett-Packard we explicitly stated that we were not deciding the issue. The earlier cases, moreover, did not address the Supreme Court decision in Gage v. Herring, 107 U.S. 640, 2 S.Ct. 819, 27 L.Ed. 601 (1883), discussed below. As a result, we are free to decide the issue in this case.
II
Both the language and the purpose of the statute clearly support the PTO’s position. The reissue statute explicitly restricts reissue to circumstances in which the “patent is, through error ..., deemed wholly or partly inoperative or invalid.” 35 U.S.C. § 251. Thus, the statute is intended to “provid[e] the patentee with an opportunity to correct errors” within the patent. In re Graff, 111 F.3d 874, 877 (Fed.Cir.1997). Here, the applicants made no correction to the original patent; instead, they merely attempted to add claims to the original patent. The required premise of the statute that the original claims were “deemed wholly or partly inoperative or invalid” as the result of an “error” is entirely missing. 35 U.S.C. § 251. There is no assertion that correction of anything in the original patent was required. The Supreme Court in Gage held that under such circumstances reissue is unavailable. 107 U.S. at 645, 2 S.Ct. 819.
Gage involved a patent that claimed “an improvement in [a] means for cooling and drying meal.” Id. at 640, 2 S.Ct. 819. The original claims recited a combination of elements, including a chest, designated J, which “collected] and save[d] the lighter part of the meal thrown upwards by the [drying] fan,” and a rotating shaft within the chest, designated K, which “convey[ed] all the meal, after it ha[d] been cooled, dried, and collected, to the elevator.” Id. at 643-44, 2 S.Ct. 819. The applicant contended that reissue was proper because “the original patent was too much restricted by including in the [claim] elements [J and K] which were no part of the real invention.” Id. at 645, 2 S.Ct. 819. The applicant sought to correct this supposed error via reissue by adding a new broader claim, which deleted two of the original claim elements (J and K), while retaining the original claims. Id. The Court concluded that there was no mistake or error in the original patent as manifested by the retention of the original claims without modification. Id. The Court noted that while the applicant could have demonstrated an error by modifying the original claim, he chose not to do so. Id. The Court stated:
It is plausibly suggested that ‘the claim could be made perfect in form, and consistent with the description of all that portion of the apparatus which relates to the invention, by simply striking out the letter of designation for the upper chest, J, and the letter of designation for the conveyor shaft of that chest, K.’ But that the inventor did not and does not intend so to amend his claim is conclu *1254 sively shown by his having repeated the same claim, including these very letters of designation, in the [retained] claim of the reissued patent. His attempt is, while he retains and asserts the original claim in all particulars, to add to it another claim which he did not make, or suggest the possibility of, in the original patent....
To uphold such a claim ... would be to disregard the principles governing reissued patents, stated upon great consideration by this court at the last term in the case of Miller v. [Bridgeport] Brass Co., 104 U.S. 350, and since affirmed in many other cases.
Id. (emphases added). The cited decision in Miller similarly made clear that “a claim may be enlarged in a reissued patent, [but] this can only be done when an actual mistake has occurred; not from a mere error of judgment.”[1] Miller v. Bridgeport Brass Co., 104 U.S. 350, 355, 26 L.Ed. 783 (1881). The applicants here attempt to do virtually the same thing as in Gage. By retaining the original claims without alteration or amendment, the applicants have admitted that there was no error in the original patent. The fact that no error is being corrected here, as in Gage, makes reissue unavailable in this case.
While our decisions, and those of our predecessor court, have held that a reissue may sometimes be proper where the original claims have not been revised, those decisions make clear that some correction of an error affecting the original claims is required. In other words, the correction of that error must have a direct and identifiable effect on the applicant’s rights under the original patent. For example, where applicants were permitted to perfect priority under 35 U.S.C. §§ 119 and 120, the resulting correction to the patent had a direct impact on the applicant’s rights under the original patent because all of the claims were given a new priority date. See Brenner v. Israel, 400 F.2d 789, 790-91 (D.C.Cir.1968) (permitting an applicant to perfect foreign priority under 35 U.S.C. § 119 via an application for reissue); Fontijn v. Okamoto, 518 F.2d 610, 621-23 (CCPA 1975) (permitting an applicant to perfect a priority claim under 35 U.S.C. § 120). And in a case where the applicant was permitted to correct the lack of antecedent basis in a claim, the correction directly affected the applicant’s rights under the patent because it preserved the validity of the claim. See In re Altenpohl, 500 *1255 F.2d 1151, 1156-57 (CCPA 1974). In each of those cases a correction was made to the original patent.
Here, the addition of the dependent claims has no impact on the applicants’ rights under the original patent. The original claims were not changed, and the addition of new claims has no effect on the applicants’ rights under the original claims. The applicants effectively attempt to retain their rights under original patent while securing a second patent which covers the subject matter of the dependent claims.
This is, moreover, directly contrary to another aspect of the reissue statute, which requires “surrender of [the original] patent.” 35 U.S.C. § 251. As a condition of reissue, § 251 requires that the applicant relinquish any claim to the original patent — “the patentee has no rights except such as grow out of the reissued patent.” Eby v. King, 158 U.S. 366, 373, 15 S.Ct. 972, 39 L.Ed. 1018 (1895). Here, the applicants surrender nothing; they attempt to retain their rights under the original patent in their entirety.

. Contrary to the majority’s assertion, the Court in Gage did not invalidate the newly added claim because the statute in effect at that time did not permit correction of claims by reissue for the purpose of broadening the claims. The Court explicitly noted that the applicant could have corrected the alleged error in his claims by amending the original claim to broaden it in the desired manner. Gage, 107 U.S. at 645, 2 S.Ct. 819. Even though the statute in effect at the time of Gage did not explicitly permit broadening reissues, the Supreme Court, in cases arising prior to Gage, had interpreted the statute to permit correction of the claims by reissue for the purpose of broadening the claims. See Miller, 104 U.S. at 354-55; Battin v. Taggert, 58 U.S. 74, 84, 17 How. 74, 15 L.Ed. 37 (1854); see also Topliff v. Topliff, 145 U.S. 156, 167, 12 S.Ct. 825, 36 L.Ed. 658 (1892); 4A-15 Donald S. Chisum, Chisum on Patents § 15.02[9][a] (2011) (noting that, though the Patent Act of 1952 was the first statute to explicitly permit broadening reissue, “the Supreme Court had read [the prior statutes] as encompassing underclaiming as well as overclaiming”). As noted in tire text, Miller, which is the lead case permitting the correction of the claims by reissue for the purpose of broadening, is in fact relied upon by the Court in Gage. Thus, in Gage, the Court found fault not with the fact that the applicant was attempting to broaden his claims, but with the fact that he did so without making any change to the original patent.